### 27480. AMERICAN OIL COMPANY v. STUDSTILL.

GUNTER, Justice. In this case we granted a writ of certiorari to the Court of Appeals to review its decision and judgment in *Studstill v. American Oil Co.,* 126 Ga. App. 722 (191 SE2d 538) (1972). The judgment of the Court of Appeals was reached by a rather close vote. Three judges agreed on the majority opinion and the judgment, two judges concurred in the judgment only, and four judges dissented from the judgment of reversal.

The issues in the case are admirably set forth and fully treated in the majority opinion, the concurring opinion, and the dissenting opinion filed in the Court of Appeals.

The essential issue for decision, simply stated, is: When does the tender and retention of a check amount to an accord and satisfaction?

We here attempt to clarify the law on this subject and issue a definitive opinion which we realize will probably not be as definitive in the future as we now consider it to be. Nevertheless, we proceed to establish the following three rules:

1. The tender and delivery of a check in a stated amount in full and complete settlement of a claim, whether the amount of the claim is established or uncertain to a claimant-creditor or his agent, but the check, though retained after receipt, is not presented so as to be charged against the deposit or account of the maker, does not amount to an accord and satisfaction of the alleged claim as a matter of law.

2. The tender and retention of the check, as recited in (1)

above, will amount to an accord and satisfaction of the alleged claim as a matter of law if, in a separate writing, the claimant-creditor acknowledges receipt and retention of the cleck for the purpose tendered, even though the check is not presented for payment and not charged against the deposit or account of the maker.

3. The tender and retention of the check, as recited in (1) above, creates a fact issue with respect to accord and satisfaction where there is no separate written acknowledgment, as referred to in (2) above, and where the check has not been presented and charged against the deposit or account of the maker.

We do not consider what is stated in these three rules to be in conflict with prior decisions of this court on this subject.

As we view the record, the present case does not come under either of the first two rules above stated, but it does come within the domain of the third rule.

It follows that the judgment of the Court of Appeals was correct, and the case is remanded for further proceedings consistent with this opinion.

*Judgment affirmed. All the Justices concur, except Jordan, J., disqualified.*

ARGUED NOVEMBER 13, 1972 — DECIDED MARCH 8, 1973 — REHEARING DENIED MARCH 22, 1973.

*Smith & Harrington, Will Ed Smith,* for appellant.
*Rembert C. Cravey,* for appellee.

ON MOTION FOR REHEARING.

PER CURIAM. On motion for rehearing the point is made that in establishing the three rules laid down in the original opinion, and by saying that these three rules are not in conflict with prior decisions of this court, we have overlooked six decisions of this court that are cited by Movant. We respond by saying that the Movant has

overlooked the fact that the three rules established in the original opinion are only applicable to fact situations where a check is received and retained by the claimant-creditor but "not cashed." In none of the six cases cited in Division 5 of the motion was a check received and retained but "not cashed." Therefore, the rules laid down in the original opinion in this case would not have been applicable in those six cases.

Also, in the original opinion we held as plainly as we knew how to hold that on the basis of the evidence contained in the record in this case a judgment as a matter of law was not demanded for either party. We held that the instant case fell under the third rule; and under the third rule whether an accord and satisfaction was effected by the conduct of the parties was an issue of fact for determination by a jury.

*Rehearing denied.*