49013. AMERICAN OIL COMPANY v. STUDSTILL.

QUILLIAN, Judge.

For a full statement of the background of this appeal, see the former appearance of this case in *Studstill v. American Oil Co.,* 126 Ga. App. 722 (191 SE2d 538), which was affirmed on certiorari in *American Oil Co. v. Studstill,* 230 Ga. 305 (196 SE2d 847). Upon return of the case to the trial court, the defendant American Oil Company moved for a separate trial on the issue of accord and satisfaction. The separate trial was duly granted by the trial court. During the selection of the jury on voir dire the defendant moved for the disqualification of three jurors. The court declined to disqualify the prospective jurors and as recited in the defendant's brief: "It became necessary for the defendant to use three of its strikes in eliminating these jurors, in addition to using the remainder of its strikes."

The trial proceeded and evidence was introduced treating solely with the issue of whether there was an accord and satisfaction of the claim for which suit was brought. The jury returned a verdict against the plea of accord and satisfaction and judgment was entered thereon. The defendant's motion for judgment notwithstanding the verdict and for new trial, as subsequently amended, was overruled. Appeal was taken

to this court. *Held:*

1. Defendant contends that the trial judge erred in refusing to give certain requests to charge.

In *American Oil Co. v. Studstill,* 230 Ga. 305, supra, the Supreme Court set forth three applicable rules, two of which we quote: "1. The tender and delivery of a check in a stated amount in full and complete settlement of a claim, whether the amount of the claim is established or uncertain to a claimant-creditor or his agent, but the check, though retained after receipt, is not presented so as to be charged against the deposit or account of the maker, does not amount to an accord and satisfaction of the alleged claim as a matter of law . . . 3. The tender and retention of the check, as recited in (1) above, creates a fact issue with respect to accord and satisfaction where there is no separate written acknowledgment, as referred to in (2) above, and where the check has not been presented and charged against the deposit or account of the maker." The second rule which we did not quote requires, for an accord and satisfaction, that there be a written acknowledgment of receipt and retention of the check for the purposes tendered. On motion for rehearing the Supreme Court further pointed out that cases involving the receipt, retention and cashing of a check are not applicable to the instant situation.

The rules set forth by the Supreme Court do not include any requirement that a party return a check which is sent to him in full payment of a debt. It would therefore appear that any non-action on his part would be purely for the jury's consideration and would establish nothing as a matter of law. This is substantiated by the ruling designated No. 2 which requires a party to affirmatively acknowledge that he is retaining the check according to the terms by which it was proffered. With these principles in mind we consider the various requests to charge.

(a) First as to the two requests numbered 4 and 5, it appears from the record that the trial judge charged very thoroughly concerning these issues. Hence, it would not be error to fail to charge in the exact language requested. *Hardwick v. Price,* 114 Ga. App. 817, 821 (152 SE2d 905); *Seagraves v. ABCO Mfg. Co.,* 121 Ga. App. 224,

226 (3) (173 SE2d 416); *Maloy v. Dixon,* 127 Ga. App. 151, 163 (5) (193 SE2d 19).

Moreover, the thrust of both charges is that it is necessary to return the check within a reasonable time in order to prevent a settlement from occurring. While a jury might find that because of an unreasonable retention of the check a settlement occurred, there is certainly no affirmative duty on the part of the offeree to return the check. The jury might find that the fact the offeree notified the other party and affirmatively disclaimed any intention to cash the check or to accept the check in settlement would be sufficient. Under the ruling in *American Oil Co. v. Studstill,* 230 Ga. 305, supra, this finding by the jury would be sustainable at law. Hence, the charges unduly emphasized a duty on the part of the offeree to return the check within a reasonable time.

(b) The request No. 6 contains an infirmity. It uses language that "a refusal by a party to return the check upon request or demand by the person against whom the claim is made amounts to an exercise of dominion over the check." This was preceded by instruction that the exercise of dominion over a check will amount to an acceptance of the check. Again the jury would not be required to find an accord and satisfaction merely because the party refused to return the check if there were other factors which lead them to believe that the offer of accord and satisfaction had been rejected.

(c) Request to charge numbered 7A reads: "The retention of a check sent in settlement of a claim, and declared to be in settlement of the claim held by the person to whom it was sent, coupled with a failure in a reasonable time to decline the proposition and return the check will raise a conclusive presumption of an acceptance of the terms and conditions set forth on the check." Again following the principles of *American Oil Co. v. Studstill,* 230 Ga. 305, supra, the facts stated do not raise a "conclusive presumption" and it would be error to so charge.

(d) The last request to charge (7B) assigned as error in defining a reasonable time states the plaintiff "must have acted in declining the defendant's offer of

settlement and returning the check of the insurance company (he must have done both)." This places upon the plaintiff a requirement, as a matter of law, which does not exist.

While we recognize the language contained in several of the requests was taken from decisions by this court and the Supreme Court, the Supreme Court in *American Oil Co. v. Studstill,* 230 Ga. 305, supra, had distinguished those decisions in which a check was cashed. Therefore, the language contained in such cases would be inappropriate to the facts of this case and we must follow the basic principles set forth in the latest and specifically applicable decision of our Supreme Court.

It was not error to refuse to give the written requests.

2. The charge as given was not confusing or misleading and was not otherwise subject to the attack made upon it. It was not error to refuse to charge the defendant's written requests as to the form of the verdict.

3. We now consider the question with regard to the failure to disqualify three prospective jurors. As to the first juror, the defendant contends that on voir dire her testimony showed a prejudice against truck drivers. Assuming but not deciding this to be true, the trial of the case in no way involves the truck driver and was solely between the insurance company and the individual claimant. All the issues were with regard to whether a settlement took place between agents of the defendant and the plaintiff. That being true the prejudice purportedly demonstrated by the juror would not be relevant to this case. Hence, it would not be a ground for disqualification.

As to the other jurors, while each of them made statements which might raise some questions as to their qualifications, each stated that he would decide the case on the evidence and that he would vote his convictions. Thus, the trial judge did not abuse his discretion in denying the defendant's motion to disqualify the jurors. See *Williams v. State,* 177 Ga. 391, 411 (170 SE2d 281).

The principal cases cited by the appellant in this regard are distinguishable. In *Bowens v. State,* 116 Ga. App. 577, 579 (158 SE2d 420), the juror stated: "he would

retain this opinion through the trial unless the evidence should prove he was wrong." In *Jones v. Cloud,* 119 Ga. App. 697, 705 (168 SE2d 598), the jurors answered affirmatively the question that the fact the defendant plead guilty to driving under the influence would "prejudice your mind and keep you from fairly considering the other evidence and rendering a true verdict." Such circumstances were not present in the case sub judice.

4. The evidence offered, while conflicting, was sufficient to sustain the verdict rendered.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED FEBRUARY 4, 1974 — DECIDED MAY 6, 1974 — REHEARING DENIED JUNE 10, 1974.

*Billy W. Walker, Smith & Harrington, Will Ed Smith,* for appellant.

*Rembert C. Cravey,* for appellee.

