## 34015. FULLER v. SQUIRES.

BOWLES, Justice.

The parties were divorced by final judgment and decree entered on April 24, 1974, in the Superior Court of Carroll County. An alimony agreement of the parties was incorporated into the final decree, and each of the parties was directed to comply with each and every term

contained therein. Among other things, the decree provided that the appellee-wife could continue to reside in the home of the parties until their minor child graduated from high school. Upon the happening of that event, the property would be offered for sale to the parties' adult son, Steve. If he declined to purchase the same within a reasonable time, the property would be placed on the market and sold to the party offering the highest and best price possible. Upon sale the parties would share equally in the equity derived, after deduction of expenses. There were other provisions in regard to house payments which are not pertinent to the issues presented here.

After the minor child finished high school and reached her 18th birthday, appellee initiated a citation for contempt against her former husband, the appellant, in which she alleged that he had steadfastly refused to carry out this portion of the court's final judgment and decree. Appellant responded to this citation and pled that there had been an accord and satisfaction in regard to appellee's equity in the house property.

The matter was heard by the trial court, who was authorized to find from the evidence presented that appellant had agreed to pay appellee the sum of $15,000 for her equity in the house, that he had actually paid $10,000 of that amount, and that the remaining $5,000 had not been paid and was now past due. The court found appellant in contempt, but provided that he could purge himself by paying to the appellee $5,000, as well as $200 attorney fees and the cost of these proceedings on or before the 1st day of August, 1978. The order provided that in the event appellant failed to make payment by that date, the property would be sold within a reasonable time to the highest bidder for cash and that the proceeds from the sale would be used to pay off any outstanding indebtedness owed on the home, with the equity realized to be divided equally between the parties, charging appellee with having already received $10,000 on her 50 percent interest. Appellant appeals to this court and enumerates as errors:

(1) The court erred in finding appellant in contempt and ordering him to pay an additional $5,000 because the evidence showed that appellee had previously accepted

$10,000 marked "final settlement on house" and had executed a quitclaim deed to appellant on the property.

(2) The court erred in finding appellant in contempt and ordering him to pay an additional $5,000 because appellee relied on an oral agreement entered into after she had accepted the $10,000 marked "final settlement on house" and executed a quitclaim deed to appellant on the property.

(3) The court erred in finding appellant in contempt and ordering him to pay an additional $5,000 under the provisions of the decree providing for a division of the equity in said house where the only evidence of the value of the property was that of the appellee, who by her own testimony had already received one-half of the equity.

We affirm.

1. The court's order did not conclusively require appellant to pay $5,000, but gave him an option of paying that amount or else the house would be sold and the equity divided. Both parties admitted an oral agreement whereby appellant promised to pay $15,000 for her equity and both agreed that she had only received $10,000. The trial court could not hold the appellant in contempt for failure to pay the remaining $5,000 but it could, in doing equity between the parties, permit appellant to pay that amount in discharge of his obligation.

2. "This court has repeatedly held that the parties may not, by their private agreement, foreclose the court from exercising its judgment as to the question of alimony to be awarded in a divorce decree. See *Dodson v. Dodson,* 231 Ga. 789 (5) (204 SE2d 109) (1974), and cits. It would be anomalous indeed if the parties, by private agreement after the decree, could modify the terms of a judgment which they had no power to dictate to the court in the first place. Code Ann. § 30-220 provides the exclusive method by which the alimony provisions of a divorce decree may be revised or modified. If the parties to a divorce decree agree to a modification of alimony, they must present their agreement to the court for its approval." *Meredith v. Meredith,* 238 Ga. 595 (234 SE2d 510) (1977).

3. Appellant contends that he has satisfied all claims of appellee by giving her a check in the amount of $10,000 on which was entered "final settlement on

house." The evidence shows that appellee did not see that check or the notation thereon, as the check had been delivered by appellant to a bank for appellee's account and it had not been endorsed by her. After payment in normal course the canceled check would be returned to appellant. While acceptance of a check with such a notation may in some instances amount to accord and satisfaction (*Rivers v. Cole Corp.,* 209 Ga. 406 (73 SE2d 196) (1952) and *Dixie Belle Mills, Inc. v. Specialty Machine Co.,* 217 Ga. 104 (120 SE2d 771) (1961)), under the circumstances here the question of accord and satisfaction would be left to the fact finder who was the judge in this case. The burden is on the defendant to prove his plea of accord and satisfaction. *Prater v. American Protection Ins. Co.,* 145 Ga. App. 853, 856 (244 SE2d 925) (1978). To the same effect, see *Searcy v. Godwin,* 129 Ga. App. 827, 830 (201 SE2d 670) (1974).

The court found against appellant's contention and there being evidence to support his finding it will not be disturbed. See *Fineman v. Hardin,* 29 Ga. App. 571 (1) (116 SE 216) (1922).

4. If there is any evidence in the record to support a trial judge's determination that a party has or has not wilfully disobeyed the trial court's order, the decision of the trial court will be affirmed on appeal. *Crowder v. Crowder,* 236 Ga. 612 (225 SE2d 16) (1976). The court's order in this case is fully supported by the evidence, and will not be disturbed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 8, 1978 — DECIDED OCTOBER 31, 1978.

*Tisinger, Tisinger & Vance, Thomas E. Greer,* for appellant.

*Prince & Vassey, Douglas C. Vassey, E. Carl Prince, Jr.,* for appellee.