## 58584. WHITE REPAIR & CONTRACTING COMPANY v. GEORGIA ROOFING & METAL COMPANY.

UNDERWOOD, Judge.

White Repair agreed with Arlen that it would make roofing repairs to Arlen's building in the LaVista Villa Apartments, and White subcontracted with Georgia Roofing to do the actual work. After completion of the repairs the roof continued to leak, prompting Arlen to call upon White to make good under its 5-year guarantee of materials and workmanship; and White in turn called upon Georgia Roofing to make good over to it under a similar guarantee in the subcontract.

Georgia Roofing refused, contending, inter alia, that

there were material differences in the two contracts; and thereafter White made the repairs and recovered judgment therefor against Georgia Roofing. Subsequently the latter tendered to White a check stating on its face: "PAYMENT IN FULL FOR ANY AND ALL CLAIMS AGAINST GEORGIA RFG. AND METAL CO. FOR WORK DONE BY SAME AT LAVISTA VILLA APARTS., AND FULL SETTLEMENT, OF CIVIL ACTION NO. 535479." White negotiated the check and retained the proceeds.

Thereafter Arlen and White continued their dispute about the roof, culminating in Arlen's filing of the instant complaint against White on the guarantee; and White, in turn, filed its third party complaint against Georgia Roofing contending it was liable over on its guarantee. The latter pleaded White's acceptance of the check "as full and final settlement for any and all breaches of alleged guarantees they may or could have been liable for," and the trial court granted summary judgment to Georgia Roofing.

In this appeal by White we affirmed the grant of summary judgment to Georgia Roofing in the third party action since "payment being made upon condition, the acceptance of the payment carries with it the acceptance of the condition." *C. & S. Bank v. Union Warehouse &c. Co.,* 157 Ga. 434, 453 (7) (122 SE 327) (1923). Accord, *Rivers v. Cole Corp.,* 209 Ga. 406 (73 SE2d 196) (1952).

If the court in reaching this result assigned a wrong reason therefor we will not reverse and remand "in order that the same result might be more technically reached" *(Gaddis v. Georgia Sou. & F. R. Co.,* 145 Ga. App. 826 (245 SE2d 8) (1978)), "for many steps in the reasoning of the court below might be defective, and still its ultimate conclusion be correct. It not infrequently happens that a judgment is affirmed upon a theory of the case which did not occur to the court that rendered it, or which did occur and was expressly repudiated. The human mind is so constituted that in many instances it *finds the truth* when wholly unable to *find the way* that leads to it.

'The pupil of impulse, it forc'd him along,
His conduct still right, with his argument wrong;
Still aiming at honor, yet fearing to roam,

The Coachman was tipsy, the chariot drove home.' "
*Lee v. Porter,* 63 Ga. 345, 346 (1879).
*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED SEPTEMBER 26, 1979 — DECIDED OCTOBER 11, 1979 — REHEARING DENIED OCTOBER 29, 1979 —

*Kirby G. Bailey,* for appellant.
*Candler Crim, Jr., Charley G. Morris, D. Miles Stinson,* for appellee.