## 59610. COLLINS v. COMMERCIAL UNION INSURANCE COMPANY.

BANKE, Judge.

Appellant sued under his contract of insurance to recover damages which represented the claimed costs of repairs to his forklift which was insured by appellee. After an initial payment for repairs of $1,004.12, and after at least one phone conversation between appellant and appellee's claims manager, a second draft in the amount of $1,265 was sent to appellant. This draft bore on its face the words "full and final settlement for all claims of every nature," and "not valid after 90 days from issue." Plaintiff testified

that repairs to the forklift exceeded $6,000; that upon receiving the second draft he contacted appellee's claims agent and discussed the matter with him; and that he was told "Go ahead and sign that check now, because that's all you're going to get right now, but I will look at it and see if we can't work out something on further payment." The agent in question testified that there was a phone conversation with appellant but that it culminated in a compromise of the amount claimed which was the amount specified in the second draft. Appellant testified that there were other phone conversations with the agent and that in the final one he was told that there would be no further payments. Appellant, who had held the second draft some 71 days before depositing it, was unable to state whether he negotiated the draft prior to this final conversation. This appeal is from the grant of a directed verdict for appellee based upon accord and satisfaction. *Held:*

"It is now the law of this State that if a debtor remits to the creditor a sum of money, less than the amount actually due, upon the condition, either express or implied, that it is in satisfaction of the creditor's claim, and the latter accepts and retains the money, an accord and satisfaction results, and this is true whether the demand be liquidated or unliquidated, disputed or undisputed." *Dixie Belle Mills, Inc. v. Specialty Machine Co.,* 217 Ga. 104, 107 (120 SE2d 771) (1961). "Where a debtor concedes his liability for part of an account which is in dispute, and tenders the sum . . . in full settlement of the account, the creditor, by accepting and using the amount so tendered, extinguishes the whole account, notwithstanding the fact that he protests at the time that the remainder of the account is still due and owing. [Cits.] The reason [for] this rule is that payment being made upon condition, the acceptance of the payment carries with it the acceptance of the condition." *C. & S. Bank v. Union Warehouse &c. Co.,* 157 Ga. 434, 453 (122 SE 327) (1923). Accord, *White Repair &c. Co. v. Georgia Roofing & Metal Co.,* 152 Ga. App. 92 (262 SE2d 164) (1979).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

ARGUED MARCH 12, 1980 — DECIDED APRIL 7, 1980.

*William R. L. Latson,* for appellant.
*Sam F. Lowe, Jr., Sam F. Lowe, III,* for appellee.