## 61537. PERMA AD IDEAS OF AMERICA, INC. et al. v. MAYVILLE.

BIRDSONG, Judge.

Summary judgment. Appellant Perma Ad Ideas of America, Inc. is a business owning a 1978 Lincoln Mark V automobile. The car was being driven by John Thornton (the president of Perma Ad) along Peachtree Industrial Boulevard. Another vehicle operated by appellee Mayville allegedly suffered a brake failure. Being unable to stop at a red light, Mayville negligently swerved or otherwise struck the car operated by Thornton. Mayville was insured by Fireman's Fund Insurance Co. Thornton contacted Fireman's Fund and informed the insurer that the Mark V had a "Blue Book" value of $11,225 and that after the collision he had received three (unidentified) appraisals placing the value at $3,000. Fireman's Fund, however, obtained an estimate that the cost of repairs for damages resulting from the collision was $3,214.02. In due course, Fireman's Fund issued a check, payable to Thornton and Perma Ads in the amount of $3,214.02. On the front of the check appeared the words "Full and Final." On the reverse appeared the indorsement "Endorsement by payee constitutes a receipt and release for the items mentioned on the face of this draft." Perma Ad and Thornton accepted the check, indorsed it and have not returned any of the funds. Thornton by affidavit asserted that an employee of Fireman's Fund told him that the check for $3,214.02 would not affect his right to sue for the difference of the before and after value of the Lincoln. Thornton brought suit against Mayville seeking the difference between the before value ($11,225) and the after collision value ($6,214), or $5,011. Mayville answered and denied liability alleging an accord and satisfaction. Mayville moved for summary judgment which the trial court granted. Perma Ad and Thornton bring this appeal enumerating as error the grant of the summary judgment. *Held:*

The measure of damages in an action to recover for injuries to a motor vehicle caused by a collision or other negligence of a defendant is the difference between the value of the vehicle before and after the collision or other negligence, but where the owner has had the vehicle repaired, that loss can be established by showing the reasonable value of labor and material used for the repairs, and the value of any

depreciation (permanent impairment) after the vehicle was repaired, provided the aggregate of these amounts does not exceed the value of the vehicle before the injury. *General GMC Trucks v. Crockett,* 145 Ga. App. 503, 504 (244 SE2d 78); *Ga. Grain Growers Assn. v. Craven,* 95 Ga. App. 741, 746 (98 SE2d 633); *Padgett v. Williams,* 82 Ga. App. 509 (1) (61 SE2d 676). In this case appellants have alleged in the complaint the difference in fair market value before and after the collision as the amount of their damages. Yet appellants offered no evidence of the value of the vehicle after repairs as augmented by evidence of permanent reduced value caused by the collision. By accepting and negotiating the check for $3,214.02, appellants have tacitly admitted that the actual damages suffered by the vehicle were in that amount. They have shown no other permanent reduction in value after the repairs were affected. Thus the only damages shown are the repair costs.

The facts before the trial court having the effect of showing the value of damages to the vehicle to be $3,214.02, we pass to a consideration of the act of appellants negotiating the check in that amount. We note in this regard that Thornton had been informed that the repair costs to the Lincoln were reputed to be $3,214.02 and that Fireman's Fund would pay only that amount. On the face of the check the words "Full and Final" appeared. Thornton and Perma Ad negotiated the check and accepted the proceeds as payment for the repair estimate and bill without further inquiry, in spite of the caveat that the check was a "full and final" payment.

" 'It is now the law of this State that if a debtor remits to the creditor a sum of money, less than the amount [claimed] due, upon the condition, either express or implied, that it is in satisfaction of the creditor's claim, and the latter accepts and retains the money, an accord and satisfaction results, and this is true whether the demand be liquidated or unliquidated, disputed or undisputed.' *Dixie Belle Mills, Inc. v. Specialty Machine Co.,* 217 Ga. 104, 107 (120 SE2d 771) (1961). 'Where a debtor concedes his liability for part of an account which is in dispute, and tenders the sum . . . in full settlement of the account, the creditor, by accepting and using the amount so tendered, extinguishes the whole account, notwithstanding the fact that he protests at the time that the remainder of the account is still due and owing. [Cits.] The reason (for) this rule is that payment being made upon condition, the acceptance of the payment carries with it the acceptance of the condition.' *C. & S. Bank v. Union Warehouse &c. Co.,* 157 Ga. 434, 453 (122 SE 327) (1923). Accord, *White Repair &c. Co. v. Georgia Roofing & Metal Co.,* 152 Ga. App. 92 (262 SE2d 164) (1979)." *Collins v. Commercial Union Ins. Co.,* 154 Ga. App. 450, 451 (268 SE2d 685). Based on the foregoing, we conclude that the trial

court did not err in granting summary judgment to appellee Mayville. *Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED MAY 6, 1981 —
REHEARING DENIED JUNE 1, 1981 —

*James B. Crew, Jr.,* for appellants.
*Charles E. Walker,* for appellee.