63663. CHRIETZBERG et al. v. KRISTOPHER WOODS, LTD.

SHULMAN, Presiding Judge.

Appellant tenants, Mr. and Mrs. Chrietzberg, appeal from a grant of summary judgment to appellee landlord. The pertinent facts of record show that on December 19, 1980, appellee notified appellants that their lease would expire on January 31, 1981, and that the new rental rate would be $275 a month effective February 1, 1981, or that they might continue their residency on a month-to-month basis at the new monthly rate plus $10 a month. Appellants were requested to contact the rental office "before this increase goes into effect to finalize arrangements." On February 3, 1981, appellants wrote appellee's resident manager "to notify you that we intend to vacate Apt. J-13 on or before March 1, 1981." Appellants removed themselves and their possessions, and, on or about March 18, 1981, appellee mailed them an itemized statement of damages and deductions from security deposits of $200 and a check for $57 representing the net security deposit refund due appellants. Appellants negotiated this check and on April 20, 1981, apparently without further communication with appellee, served it with notice of a suit seeking damages of $429 pursuant to Code Ann. §§ 61-601, 604, 605 and 606, allowing recovery of the balance of security deposits wrongfully withheld in triple amount and reasonable attorney fees. Appellee responded and moved for summary judgment, contending that appellants' acceptance of payment of the $57 and accounting

constituted an accord and satisfaction. The trial court agreed and granted summary judgment on that basis. We agree and affirm.

Appellants assert that the $57 was merely an uncontested partial payment and since no payment was tendered on the disputed items, no accord and satisfaction occurred. They also argue that the statute on which the action was based contemplates that a landlord might make a partial payment, yet still be liable for the amount improperly withheld in treble damages under Code Ann. § 61-606. However, it is not claimed that appellee failed to comply with the letter or spirit of the law, which is to insure that a landlord apprise a tenant specifically and in writing of the exact reasons for retention of any part of the security deposit. Code Ann. § 61-605.

"If a debtor tenders a sum of money less than the amount claimed upon the condition, express or implied, *that it satisfied the entire debt,* and the creditor accepts the tender, an accord and satisfaction results. [Cit.] The compromise, or mutual accord and satisfaction, is binding on both parties. [Cit.] However, to make it binding, there must be a meeting of minds as to the subject matter embraced in the agreement. [Cit.]" *State Farm Fire & Cas. Co. v. Fordham,* 148 Ga. App. 48, 52 (250 SE2d 843). " 'Where a debtor concedes his liability for part of an account which is in dispute, and tenders the sum . . . in full settlement of the account, the creditor, by accepting and using the amount so tendered, extinguishes the whole account, notwithstanding the fact that he protests at the time that the remainder of the account is still due and owing. (Cits.) The reason [for] this rule is that payment being made upon condition, the acceptance of the payment carries with it the acceptance of the condition.' [Cits.]" *Collins v. Commercial Union Ins. Co.,* 154 Ga. App. 450, 451 (268 SE2d 685).

When appellee landlord sent the itemized accounting of deductions totalling $143 from appellants' $200 security deposits accompanied by a check for $57, it was perfectly apparent that the check was tendered in full satisfaction of all claims to the return of the security deposits. At that time appellants had two options: they could either accept that condition or reject the check outright, but they could not accept the proceeds under protest and later argue that the check was only a partial payment of the amount due to be refunded. *Alston v. Insured Credit Services,* 143 Ga. App. 172 (237 SE2d 680). Appellants, by accepting and negotiating the check, tacitly admitted that the accounting submitted by the landlord was correct. Accord, *Perma Ad Ideas of America v. Mayville,* 158 Ga. App. 707 (282 SE2d 128). Thus, the trial court properly held that an accord and satisfaction had occurred and that appellee was entitled to summary judgment in its favor.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED JUNE 8, 1982 —

L. C. Chrietzberg, *pro se.*
*Tyler Dixon,* for appellee.