### 74803. M. WALTER & COMPANY v. NORTH HIGHLAND ASSEMBLY OF GOD, INC.
#### (361 SE2d 256)

BIRDSONG, Chief Judge.

This is an appeal by the plaintiff below protesting the grant of summary judgment to appellee church on the basis of accord and satisfaction. The appellant M. Walter & Co. is a purveyor of Christmas trees. The appellee North Highland Assembly of God, Inc., ordered trees to sell in December 1985. According to the church, a large number of ordered trees never arrived and a number of those which did arrive were damaged, nonconforming, and worthless. These complaints were disputed by M. Walter & Co. at the time. Ultimately the church, after several conversations with appellant's agents, remitted a check for $3,700. The church, when sued for the full balance amount of the ordered trees, defended on the basis that appellee's agent Maksimovich had agreed to accept less ($3,700) in satisfaction. Ultimately, the church, on motion for summary judgment, produced a document or documents, a copy of which appears in the record. This copy of document or documents appears to be an undercopy of the $3,700 check marked "not-negotiable." The check copy is dated January 14, 1986. Apparently attached to the bottom of the check copy by perforated line is a voucher on which it is stated, in typing, next to the date of January 1, 1986: "Invoice #8520-85 Eastern — Adjusted Balance Per Telephone Conversation from Macon, GA. from Mr. Tom [Maksimovich] on 1-13-86 — $3700." The church also produced the affidavit of one of its members setting forth the nature of the dispute and the telephone negotiations, and the compromise.

In response, the appellant produced the affidavit of its agent, Maksimovich, to wit: that in the early part of 1986 he had several telephone conversations with various individuals who claim to represent the defendant church; his purpose was to arrange a face-to-face conference at which to try to collect the outstanding indebtedness owed to M. Walter & Co.; he was never successful in arranging such a meeting, but he was told that the church would be sending a check in partial payment; at no time did he ever have any discussion with any agent of defendant church about compromising or reducing

the total amount of the indebtedness by any amount whatsoever; and he stated: "I do not know what the words 'adjusted balance' shown on the voucher of defendant's check [copy] . . . means." By amended affidavit, Maksimovich stated he never had any authority to make an accord and satisfaction. The president of appellant also by affidavit averred that he investigated whether the alleged voucher shown on the church's check was ever received by the company, and he was "unable to find anyone who had any recollection of whether said voucher was attached to said check . . . [and was] unable to find anyone who had any recollection of having seen the language which allegedly appears on the said voucher." He also said Maksimovich had no authority to make an agreement reducing any outstanding indebtedness, and that no one acting for and in behalf of the company either agreed to an accord and satisfaction or to reduce any indebtedness. *Held*:

" 'If a debtor tenders a sum of money less than the amount claimed upon the condition, express or implied, *that it satisfied the entire debt*, and the creditor accepts the tender, an accord and satisfaction results. [Cits.] . . . However, to make [the compromise] binding, there must be a meeting of minds as to the subject matter embraced in the agreement. [Cit.]' " *Chrietzberg v. Kristopher Woods, Ltd.*, 162 Ga. App. 517, 518 (292 SE2d 100). See *State Farm Fire &c. Co. v. Fordham*, 148 Ga. App. 48, 52 (250 SE2d 843); OCGA § 13-4-103. The burden to prove the defense of accord and satisfaction is upon the party claiming under it. *Clark Equip. &c. Corp. v. Refrigerated &c. Co.*, 148 Ga. App. 405, 406 (251 SE2d 321); to authorize summary judgment the burden increases to proof of accord beyond any issue of material fact.

We are unable to perceive, from the non-negotiable copy of this check dated January 14, 1986, and the apparently attached voucher, dated January 1, whether the originals were sent together to appellant M. Walter & Co. and received. The appellee church in its brief refers to the document(s) in this fashion: as "a check on a disputed account with the language 'adjusted balance per telephone conversation,' " and as "a check . . . which contained the language." However, the language is not *on the check*; it is on a copy of a paper (voucher) apparently attached to a non-negotiable check copy. The appellant M. Walter & Co. unequivocally denies entering into a compromise or agreement to accept less; Maksimovich denies even having had such a conversation and states he was told a check would be sent in partial payment. The date upon the check copy is different than the date upon the voucher copy. It is not patently clear what the language "adjusted balance" means in the context of Maksimovich's version of events. In view of all these uncertainties, it cannot be said, beyond any genuine issue of material fact, that this check and allegedly at-

tached voucher were sent and received, and that there was a meeting of the minds that it was tendered and accepted in full satisfaction. Furthermore, upon the church's motion for summary judgment, the appellant's agents' statements that appellant never agreed to a reduction of indebtedness and Maksimovich's statement that he never entertained such discussion, must be given the benefit of belief; and in that light, the language "adjusted balance per telephone conversation," assuming it was received with the check, is not crystal clear.

Appellant's president's statement that he was unable to find any employees who have any recollection of receiving the voucher does not amount to an admission that they did receive it. In the cases advanced by the appellee church to sustain its summary judgment, it was clear and apparently undisputed that the creditor received the compromising statement, and thus the acceptance of payment was under the express condition imposed by the debtor. See *Souchak v. Close*, 132 Ga. App. 248 (207 SE2d 708); *Gulf States Constr. v. Superior Rigging &c. Co.*, 125 Ga. App. 187 (186 SE2d 588). Similarly, in *Chrietzberg v. Kristopher Woods*, supra, no express condition accompanied the payment, yet it was "perfectly apparent" that the check in that case was tendered in full satisfaction of all claims, and the appellants in that case, by accepting it, "tacitly admitted that the accounting submitted . . . was correct." Id. p. 518. It is not so perfectly apparent in this case that the $3,700 check was made and accepted "upon the condition, express or implied, that it satisfies the entire debt." *American Assoc. Cos. v. Vaughan*, 213 Ga. 119, 120 (97 SE2d 144). We are of the opinion that the triers of fact should see the evidence, including the actual cancelled check, to determine, to a preponderance of the evidence, what it was that was sent and what was received, and what was understood by it. We cannot say beyond any material issue of fact so as to remove this case from the jury that the parties reached such an accord with the sending and accepting of the check. In *Vintage Enterprises v. Guerdon Indus.*, 365 FSupp. 465, it was held, under a thorough study of Georgia law, that a cover letter accompanying payment, which letter identified the payment as "the balance [owed]," and the fact that the debtor labeled the check as "final" or as "the" payment check for a particular year, do not, insofar as summary judgment is concerned, "operate when coupled with the plaintiff's acceptance of the checks, to create an understanding by the plaintiff that the debts were satisfied and that if in fact the accounts involved a sum greater than the amount represented by the checks, the plaintiff was barred from seeking to collect the balance. At most, the checks and the letters indicate an expression by the [debtor] that the accounts were paid in full. They do not indicate an intention on the part of the [debtor] that the plaintiff must accept the checks at the peril of foreclosing any debate over the amount

which might actually be due on the accounts." Id. p. 466. As the federal court pointed out, Georgia cases which have indicated that language such as "paid in full" by itself operates to create accord and satisfaction if the check is accepted, actually indicate under the facts that there must be a meeting of the minds, an *accord*, in which the creditor expressly or impliedly understood the tender was conditional on its acceptance as final. See *American Assoc. Cos.*, supra, p. 120. The language allegedly on the voucher accompanying the check here, "adjusted balance" is even less clear than "paid in full." It is for the jury to decide whether this voucher was sent and received and what was meant by it, and whether the appellant understood it as a final settlement of account and accepted on that basis.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 21, 1987.

*Peter G. Williams*, for appellant.
*Kenneth M. Henson, M. Catherine Harris*, for appellee.