77069. M. WALTER & COMPANY v. NORTH HIGHLAND
ASSEMBLY OF GOD, INC.
(374 SE2d 792)

BEASLEY, Judge.
The basic facts in this case were set forth in a prior appearance before this court. See *M. Walter & Co. v. N. Highland Assembly of God*, 184 Ga. 270 (361 SE2d 256) (1987), where the trial court's grant of summary judgment to defendant N. Highland was reversed. This court found there were issues for a jury's determination, in the context of accord and satisfaction, regarding whether a voucher was sent and received, what was meant by the language on it, and whether plaintiff Walter understood its proffer as a final settlement and so accepted it.

Afterwards the case was tried by the court without a jury. Upon Walter's request (see OCGA § 9-11-52 as amended by Ga. L. 1987, p. 1057), the court entered findings of fact and conclusions of law, holding in favor of N. Highland. The determination was based upon these facts. N. Highland ordered 777 Christmas trees from Walter and on November 27, 1986 received a shipment of 428 trees, leaving a shortage of 349 trees. Robert French who was in charge of the Christmas tree sale for N. Highland testified that he notified Walter of the shortage and was assured that the remaining trees would soon arrive but they never did. Walter was also notified that a portion of the delivered trees was not merchantable because of broken limbs, excessive

shedding and other problems and did not conform to the order because they were too tall. N. Highland was unable to sell many of the trees, which had to be thrown away. Walter inspected the trees and a dispute developed regarding the quality of the trees and the amount owed.

The trial court also found that Tom Maxsenovitch, who collected on accounts for Walter, had apparent and implied authority to settle and reduce accounts because he had done so on other accounts. After a discussion with French, Walter and N. Highland agreed that N. Highland was to send a check for $3,700 to pay the account in full. Pursuant to this discussion N. Highland forwarded a check to Walter with language stating "adjusted balance per telephone conversation from Macon, Georgia, from Mr. Tom Mak on 1/13/86." The check was cashed by Walter resulting, the court concluded, in an accord and satisfaction.

The trial court further found that many of the 428 delivered trees were damaged and not merchantable; that the parties agreed a $1,000 deduction was appropriate based upon the condition of the trees; that the reasonable value of the trees delivered was $3,700; that N. Highland paid that amount to Walter. The court concluded that because there was an accord and satisfaction Walter could not recover on its complaint and N. Highland was precluded from any recovery on its counterclaim.

Walter's enumerations of error are that the court erred in finding that: the trees did not meet the standards for quality and size as provided in the contract; a $1,000 reduction in price was appropriate and the reasonable value of the trees delivered was $3,700; Maxsenovitch had apparent and implied authority to settle accounts; Maxsenovitch agreed to accept $3,700 as full settlement of N. Highland's account.

The trial court's finding was not that the trees did not meet the standards provided in the contract, but instead that the trees were damaged and not merchantable.

In view of the testimony given by witnesses for N. Highland, a finding that $3,700 was a reasonable value for the trees delivered and constituted a fair settlement price was authorized.

"Accord and satisfaction occurs where the parties to an agreement, by a subsequent agreement, have satisfied the former agreement, and the latter agreement has been executed." OCGA § 13-4-101. Since accord and satisfaction is itself a contract, *Woodstock Rd. &c. Properties v. Lacy*, 149 Ga. App. 593 (254 SE2d 910) (1979), it requires a meeting of the minds as to the subject matter embraced in the accord and satisfaction. *Myers v. American Fin. System*, 615 F2d 368 (11th Cir. 1980); *Wallace v. Harrison*, 166 Ga. App. 461 (304 SE2d 487) (1983); *Chrietzberg v. Kristopher Woods*, 162 Ga. App. 517 (292 SE2d 100) (1982).

"[A]n agreement by a creditor to receive less than the amount of his debt cannot be pleaded as an accord and satisfaction unless it is actually executed by the payment of the money . . . or some other new consideration." OCGA § 13-4-103 (a). Further, a bona fide dispute or controversy as to the amount due must exist. OCGA § 13-4-103 (b) (1). (This is a statutory change of the law as pronounced by *Rivers v. Cole Corp.*, 209 Ga. 406 (73 SE2d 196) (1952), which abrogated the effect of whether a claim or demand be disputed or undisputed, liquidated or unliquidated.)

If the debtor tenders a sum of money less than the amount claimed upon the condition, express or implied, that it satisfied the entire debt, and the creditor accepts the tender, an accord and satisfaction results. *State Farm Fire &c. Co. v. Fordham*, 148 Ga. App. 48, 52 (250 SE2d 843) (1978). Of course, the burden is on the proponent to prove accord and satisfaction. *Fuller v. Squires*, 242 Ga. 475 (249 SE2d 261) (1978); *Clark &c. Corp. v. Refrigerated &c. Co.*, 148 Ga. App. 405, 407 (251 SE2d 321) (1978).

There was a dispute as to the amount owed. There was a tender of a check which was accepted and cashed. The attached voucher recited in part: "adjusted balance per telephone conversation from Macon, Ga., from Mr. Tom Mak on 1-13-86 — $3,700." There was evidence that Maxsenovitch informed representatives of N. Highland that he had authority and negotiated with N. Highland in an effort to resolve the matter. He reiterated this in his first affidavit submitted to the court but later this was repudiated, leaving a question of credibility for the factfinder. The essential issue is not whether Maxsenovitch agreed to accept the check in full settlement but whether Walter with knowledge of the nature of the offer did so.

On summary judgment our previous decision ruled that the meaning of the language on the voucher, what Walter understood by it, and upon what basis were for a jury to decide. The trial judge performed the jury's duties and his findings will not be disturbed when there is any evidence to sustain them. *L.M. Wiley, Parish & Co. v. Kelsey*, 13 Ga. 223 (1853). See *Scott v. Imperial Hotel Co.*, 75 Ga. App. 91, 95 (1 & 2) (42 SE2d 179) (1947); *Fuller*, supra at 478 (3).

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED OCTOBER 18, 1988.

*Peter G. Williams*, for appellant.
*Kenneth M. Henson, Bruce A. Hagen*, for appellee.