A89A1305. JACKSON v. WILEY.
(388 SE2d 395)

BEASLEY, Judge.

Jackson, injured in an automobile collision, appeals the grant of summary judgment to defendant Wiley.

The incident occurred July 18, 1987, as Jackson was waiting behind Wiley to exit a shopping center parking lot when Wiley suddenly began backing his car and hit her car. He said he did not see her in his rear view mirror.

The following facts are not disputed. Wiley was insured by State Farm, with whom Jackson filed a claim on July 20. On the form, she claimed only property damage, answering "no" to the question "Was anyone injured?" She met with Sallas, the adjuster, and he arranged for her car to be repaired. On August 13, Jackson was notified that her car was ready, went by State Farm to pick up a check, and signed it over to the auto repair company. Jackson had not seen anyone concerning treatment of her back at this time, although she contends the discomfort in her back began the week after the accident.

Above her endorsement on the back of the check appeared the following: "The undersigned payee accepts the amount of this payment in full settlement of all claims for damages to property and for bodily injury whether known or unknown, which payee claims against any insured under the policy shown on the face hereto, or their respective successors in interest, arising out of an accident which occurred on or about the date shown. . . ." Jackson did not read the release before signing the check.

After receiving treatment for her back, Jackson retained counsel who first contacted State Farm on November 11 about her bodily injury claim and on December 1 forwarded to State Farm his firm check for the amount of the State Farm check. State Farm returned the check by letter of March 23. It had advised Jackson's attorney, as reflected in his letters to it, that it was relying on the release. No other response was made to the tender.

Jackson contends that she understood the check was only for

property damage, although she has no recollection of her discussions with Sallas, who unequivocally stated that the check was in settlement of all her claims.

All of the enumerations deal with Jackson's contentions that she rescinded the release by returning the money, that State Farm is now estopped from pleading release because of its long retention of the check, and that the check effected a "reverse accord and satisfaction." They will be dealt with together.

To the degree that Jackson's argument is premised on an alleged misrepresentation by Sallas concerning the purpose of the draft, she put forth no evidence to support it, stating only that she did not understand, not that any affirmative statement by Sallas was a misrepresentation. "[T]here is no suggestion that the mistake, if there was one, was anything other than a unilateral mistake on the part of the appellant. Thus, it affords no ground for reversal. [Cit.]" *Thomaston v. Ft. Wayne Pools*, 181 Ga. App. 541, 542 (3) (352 SE2d 794) (1987); *Fulghum v. Kelly*, 255 Ga. 652, 654 (340 SE2d 589) (1986); *Chitwood v. Southern Gen. Ins. Co.*, 189 Ga. App. 697, 700 (377 SE2d 210) (1988).

Jackson relies on OCGA § 13-4-60 and *Studstill v. American Oil Co.*, 126 Ga. App. 722 (191 SE2d 538) (1972) aff'd 230 Ga. 305 (196 SE2d 847) (1973) for her "reverse accord and satisfaction" argument. The Code, however, requires fraud for rescission, which has not been shown.

*Studstill*, supra, deals with a situation where there was no release executed by the creditor after receipt of the check tendered by the insurance company and the claimant promptly attempted to clarify whether the check was in full payment of his claim. Jackson's counsel's letter tendering the check to State Farm is itself equivocal, stating that if they could settle the injury claim shortly, "a return of the tender would be acceptable to resolve the property damage claim."

Jackson apparently contends that, despite her knowledge that State Farm and its insured were relying on the release as a defense to her claim, State Farm's failure to otherwise respond to the tender and return the check estop it from relying on the release. State Farm having so indicated its reliance, nothing further was legally required of it in regard to the tender. *American Oil v. Studstill*, 230 Ga. 305, supra.

Jackson is urging total cancellation of a release for which she accepted consideration based on her mere failure to read the release, her later decision that her discomfort was due to the accident, and her sending of a check in the same amount as the one which she received from State Farm. There is no legal basis on the facts for such relief. *Chitwood*, supra at 701; *Roberson v. Henderson Chem. Co.*, 171 Ga. App. 722, 723 (3) (320 SE2d 835) (1984); see *M. Walter & Co. v. North Highland Assembly of God*, 188 Ga. App. 852, 853 (374 SE2d

792) (1988).
*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 13, 1989.

*Bates, Kelehear & Starr, J. Raymond Bates, Jr.,* for appellant.
*F. Gregory Melton, M. Claire Chason,* for appellee.