### A90A2269. MEHAVIER v. TAHAMTAN.
(403 SE2d 92)

BANKE, Presiding Judge.

The appellant successfully sued the appellee, his former landlord, in magistrate court to recover a $550 security deposit. The appellee appealed to state court, where the appellant filed an amended complaint seeking treble damages and attorney fees pursuant to OCGA § 44-7-35, based on allegations that the appellee had retained the deposit for more than a month following the termination of the lease without giving him a written statement of his reasons for doing so. Approximately a week later, on March 30, 1990, the appellee telephoned the appellant's counsel to advise him that he intended to dismiss the appeal and to send the appellant a check for $550. On April 2, 1990, which was the next business day, the appellant filed a written objection to the dismissal based on OCGA § 5-3-29, which provides that in de novo appeals "either party is entitled to be heard on the whole merits of the case." Although the appellant tendered the check to the state court uncashed approximately two weeks later, when the case was called for trial, the judge ruled that by his silence and retention of the uncashed check during that period, he had accepted it in settlement of his claim. We granted the appellant's application for a discretionary appeal from that ruling. *Held*:

In *American Oil Co. v. Studstill*, 230 Ga. 305 (196 SE2d 847) (1973), the Georgia Supreme Court held that the mere retention of a check offered in settlement of a claim, without presenting it for payment, does not, as a matter of law, constitute an acceptance of the check in satisfaction of the claim, unless in a separate writing the claimant "acknowledges receipt and retention of the check for the purpose tendered. . . ." Id. at 306. Not only did the appellant in the present case not execute such an acknowledgment, he promptly indi-

cated his rejection of the settlement offer by filing an objection to the proposed dismissal of the case. Under these circumstances, we find no evidentiary support for the trial court's finding that the appellant's retention of the check, uncashed, for a period of approximately two weeks pending the scheduled trial date, manifested an acceptance of it in satisfaction of his claim for treble damages.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MARCH 1, 1991.

*Hollingsworth & Associates, Jason T. Schneider, Tony Blair,* for appellant.

Amir Tahamtan, *pro se.*