## A89A0104. PIERCE v. TAYLOR.
(380 SE2d 351)

McMURRAY, Presiding Judge.

Plaintiff Gladys Pierce brought suit against defendant Henry Taylor, d/b/a Taylor Construction Company, in the Superior Court of Banks County. Alleging that defendant negligently constructed her home, plaintiff sought actual damages in the amount of $45,000. Defendant answered the complaint and denied he was liable to plaintiff. Furthermore, via counterclaim, defendant alleged that plaintiff owed him an additional $8,500 pursuant to the parties' original contract

and additional work performed upon plaintiff's subsequent request.

The case was tried by a jury and a verdict was returned in favor of defendant on his counterclaim and against plaintiff in the sum of $3,500. Judgment was entered accordingly and plaintiff moved for a new trial. Plaintiff's motion for a new trial was denied and this appeal followed. *Held*:

1. In her first enumeration of error, plaintiff contends the trial court erred in denying her motion for a new trial on the general grounds. This enumeration of error is without merit.

" 'This court does not pass upon the credibility of witnesses, nor the weight to be given evidence on disputed facts. These are questions for the jury. Whether their verdict is contrary to the evidence, or contrary to its weight, or decidedly and strongly against its weight, is a question the law vests in the trial judge's discretion. He may grant a new trial on these grounds, but this court has no such power. Where the trial judge approves the verdict, the sole question for determination by this court is whether there is any evidence sufficient to authorize it.' *Adler v. Adler*, 207 Ga. 394, 405 (61 SE2d 824)." *Southern R. Co. v. Garner*, 101 Ga. App. 371, 373 (114 SE2d 211).

Plaintiff presented evidence that her home was constructed negligently. Defendant, on the other hand, introduced evidence showing the home was not constructed negligently. Although some of defendant's witnesses admitted that parts of the home were negligently constructed, others, including defendant himself, did not.

The evidence presented by defendant was sufficient to support the jury's verdict. It cannot be said, therefore, that the trial court erred in denying the motion for a new trial.

2. In her second enumeration of error, plaintiff asserts the trial court erred in failing to grant her motion for a directed verdict upon the counterclaim. In this regard, she argues that the evidence unequivocally demonstrated an accord and satisfaction between the parties.

"An accord and satisfaction is created when the parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed. The execution of a new agreement may itself amount to a satisfaction, where it is so expressly agreed by the parties; and without such agreement, if the new promise is founded on a new consideration, the taking of it is a satisfaction of the former contract. [Cit.] An accord and satisfaction is itself a contract and requires a meeting of the minds in order to render it valid and binding. [Cit.] As a general rule, whether there is accord and satisfaction is a question for the jury. [Cit.]" *Woodstock Rd. Investment Properties v. Lacy*, 149 Ga. App. 593, 594 (254 SE2d 910).

The evidence of accord and satisfaction was weak and conflicting. Defendant gave plaintiff a handwritten statement which read: "All

material and labor is paid in full on Gladys Pierce home except carpet." Defendant testified that he gave plaintiff the statement to assure her that he had paid for all of the materials and labor that had been furnished and put into the house; and that he never agreed to accept any amount other than the full amount due under the contract. Based on the evidence, the jury was authorized to conclude that the parties had not reached an accord and satisfaction. Accordingly, the trial court did not err in refusing to grant plaintiff's motion for a directed verdict upon the counterclaim.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED MARCH 17, 1989.

*Cornwell, Church & Healy, Timothy P. Healy*, for appellant.
*Jack S. Davidson, Sam S. Harben, Jr.*, for appellee.