### A89A2160. MADDOX et al. v. SUPERIOR RIGGING & ERECTING COMPANY et al.
#### (393 SE2d 42)

COOPER, Judge.

Appellants, Grady Maddox ("Mr. Maddox") and Betty Maddox ("Mrs. Maddox"), brought a declaratory judgment action against appellees, the Hanover Insurance Companies ("insurer") and its insured.

Mr. Maddox was injured in an automobile collision with a vehicle driven by an employee of the insured. An adjuster for the insurer negotiated directly with appellants in an effort to settle the personal injury claim of Mr. Maddox and Mrs. Maddox's possible claim for loss of consortium. After negotiating for over one year, Mr. and Mrs. Maddox agreed to a settlement for a lump sum of money and an annuity, and signed a release containing the following language: "In addition to cash payment of $101,755.00, we will buy for you from SAFCO Insurance Company an Annuity Policy that will pay you $725.00 per month for life." A few days after signing the release, appellants received a draft made payable to both of them in the amount of $101,755 and an annuity application for Mr. Maddox's signature. Appellants, who believed that the settlement would provide an annuity covering both their lives, retained an attorney who contacted the adjuster about the "mistake." The adjuster responded to appellants' attorney by letter setting forth the position of the insurer that the annuity included in the settlement agreement was only for the life of Mr. Maddox and that a joint life annuity was never discussed. After receiving that letter, appellants presented the draft for payment. Subsequently, correspondence was exchanged between appellants' attorney and the adjuster reiterating the positions taken by both parties, and several months later appellants filed this action seeking to clarify the rights and duties of the parties to the settlement agreement and to amend the annuity contract to cover both their lives. Upon considering cross motions for summary judgment, the trial court granted appellees' motion and denied appellants' motion.

1. The trial court held that while there could have been a legitimate dispute as to the construction of the release, appellants' actions

in negotiating the check after receiving correspondence from the adjuster setting forth a contrary position constituted an accord and satisfaction. "Accord and satisfaction occurs where the parties to an agreement, by a subsequent agreement, have satisfied the former agreement, and the latter agreement has been executed." OCGA § 13-4-101. "Like any other contract, accord and satisfaction requires a meeting of the minds as to the subject matter embraced therein, if it is to be valid and binding. [Cits.] Where there is no agreement to settle all matters in dispute, no accord and satisfaction result. [Cits.]" *Wallace v. Harrison*, 166 Ga. App. 461 (2) (304 SE2d 487) (1983). It is undisputed that the draft and annuity contract were tendered to appellants in satisfaction of their claims arising out of the automobile accident with the insured's employee; that the amount of the draft was exactly the amount of the lump sum payment agreed to; and that appellants only disputed the annuity contract as not conforming to their agreement. Appellees, as movants for summary judgment, had the burden of proving that there was a meeting of the minds and that appellants, by negotiating the draft, intended to resolve the dispute as to the annuity contract. See *Wallace v. Harrison*, supra. Appellees rely on cases which hold that the cashing of a check and retention of the proceeds constitute an accord and satisfaction. However, the negotiation by appellants of the draft was in satisfaction of claims arising from the collision, not the dispute which arose regarding the annuity. Appellees made no showing that there was a meeting of the minds regarding the annuity. Furthermore, " '[a]s a general rule, whether there is accord and satisfaction is a question for the jury. [Cit.]' " *Pierce v. Taylor*, 190 Ga. App. 819 (2) (380 SE2d 351) (1989). Accordingly, the trial court erred in granting summary judgment to appellees.

2. Appellants contend that the trial court erred in denying their motion for summary judgment since the release was not ambiguous. The language at issue is found on page two of the release and states: "we will buy for *you* . . . an Annuity Policy that will pay *you* $725.00 per month *for Life*." (Emphasis supplied.) "There are three steps in the process of contract construction. The trial court must first decide whether the contract language is ambiguous; if it is ambiguous, the trial court must then apply the applicable rules of construction (OCGA § 13-2-2); if after doing so the trial court determines that an ambiguity still remains, the jury must then resolve the ambiguity. [Cit.]" *Travelers Ins. Co. v. Blakey*, 180 Ga. App. 520 (349 SE2d 474) (1986). "Ambiguity in a contract may be defined as duplicity, indistinctness, an uncertainty of meaning or expression. [Cit.]" *Travelers Indem. Co. v. A. M. Pullen & Co.*, 161 Ga. App. 784 (6) (289 SE2d 792) (1982). A word is ambiguous if its indistinctiveness makes its meaning capable of more than one reasonable definition. *Wahnschaff*

*Corp. v. O. E. Clark & Co.*, 166 Ga. App. 242 (1) (304 SE2d 91) (1983). Appellants contend that "you" and "for Life" are meant to be plural and refer to both their lives. The trial court, while recognizing that an ambiguity existed, did not apply the rules of construction, because it found that there had been an accord and satisfaction. Because we find error with the trial court's finding that there had been an accord and satisfaction, we remand the case to the trial court for application of the rules of construction found in OCGA § 13-2-2. If the contract is still ambiguous after the court applies the rules of construction, the court may deny appellants' motion for summary judgment and submit the case to the jury for resolution of the ambiguity.

*Judgment reversed and case remanded. Deen, P. J., concurs. Birdsong, J., concurs in judgment only.*

DECIDED MARCH 15, 1990 —
REHEARING DENIED MARCH 27, 1990 —

*Scott Walters, Jr.*, for appellants.
*Pierce, Goldner, Sommers & Scrudder, Stephen L. Goldner, Glenn S. Bass*, for appellees.