S90G0954. SUPERIOR RIGGING & ERECTING COMPANY et al.
v. MADDOX et al.

(401 SE2d 258)

FLETCHER, Justice.

This case arises from a declaratory judgment action filed by Mr. and Mrs. Maddox, appellees herein, against Superior Rigging and Erecting Company and Hanover Insurance Companies, appellants herein. Mr. Maddox was injured in an automobile collision with a vehicle driven by an employee of Superior Rigging. An adjuster for Hanover, the insurer of Superior Rigging, negotiated directly with the Maddoxes for more than a year in an effort to reach a settlement concerning Mr. Maddox's personal injury claim and Mrs. Maddox's loss of consortium claim. The Maddoxes eventually agreed to settle their claims for a package of benefits consisting of a lump sum of $101,755 and an annuity. They signed a release containing the following language: "In addition to cash payment of $101,755.00, we will buy for you from SAFCO Insurance Company an Annuity Policy that will pay you $725.00 per month for life."

Shortly after signing the release, the Maddoxes received a draft, made payable to both of them, in the amount of $101,755 and an annuity application for Mr. Maddox's signature. Believing that the annuity was to cover both of their lives, the Maddoxes retained an attorney who contacted the adjuster about the annuity application. The adjuster informed the Maddoxes' attorney that it was the position of the insurer that a joint life annuity had never been discussed and that the annuity included in the settlement agreement was only for the life of Mr. Maddox. After receiving such information from the adjuster, the Maddoxes presented the draft for payment and received the $101,755 as had been agreed to by the parties.

Several months after having received the $101,755, the Maddoxes filed the present action seeking to clarify the rights and duties of the parties to the settlement agreement and to amend the annuity contract to cover both of their lives. Superior and Hanover argued to the trial court that the actions of the Maddoxes clearly worked an accord and satisfaction of the underlying agreement and the trial court agreed by granting the summary judgment motion of Superior and Hanover while denying that of the Maddoxes.

The Maddoxes appealed and in *Maddox v. Superior Rigging &c. Co.*, 195 Ga. App. 114 (393 SE2d 42) (1990), the Court of Appeals reversed the trial court and, in Division 1 of their opinion, ruled that: "the negotiation by [the Maddoxes] of the draft was in satisfaction of claims arising from the collision, not the dispute which arose regarding the annuity." We granted certiorari to determine if the Court of Appeals erred in so ruling.

After the decision of the Court of Appeals and prior to oral argu-

ment before this court, Superior and Hanover moved to supplement the record with newly discovered evidence by way of a letter dated June 7, 1990 to Mr. Maddox from SAFCO Life Insurance Company, the company from whom the annuity was purchased. The letter requests confirmation from Mr. Maddox that he is receiving his annuity payments on a regular basis and at the correct address. The letter has been endorsed and dated June 11, 1990 by Mr. Maddox. The parties were asked to address this matter at oral argument, which they did, and the Maddoxes also filed a "post-argument brief" in which they requested, on the basis of "judicial economy," that the record be supplemented as requested by Superior and Hanover. The Maddoxes also stipulated therein that checks on the annuity, issued after their complaint was filed and made payable to Mr. Maddox, have been deposited by the Maddoxes in their account.

Even without the additional evidence referred to directly above, the actions of Mr. and Mrs. Maddox created a clear accord and satisfaction pursuant to OCGA § 13-4-100 et seq. They received the annuity application, questioned the designation of Mr. Maddox only as the measuring life and retained an attorney who contacted Hanover's adjuster concerning the annuity application. In response to their attorney's inquiry about the application, the adjuster wrote to the attorney, making it clear that no joint annuity had been discussed with the Maddoxes and that the annuity was to be for the life of Mr. Maddox only. Not until they received such clarifying correspondence did the Maddoxes endorse the draft for the lump sum payment and present that draft for payment. It was not until several months after payment of the lump sum that the Maddoxes brought the present action to clarify their rights under the settlement agreement with Superior and Hanover.

The Maddoxes' presentation for payment of the lump sum draft, without any reservation on their part and after having been informed by Superior and Hanover, in no uncertain terms, of the fact that they intended an annuity for the life of Mr. Maddox only, clearly worked an accord and satisfaction. Had the Maddoxes still disagreed with the position asserted by the adjuster, they should have rejected the draft and continued to actively assert their disagreement rather than taking the acquiescent action which they took. By negotiating the draft and retaining the proceeds of the lump sum portion of the settlement package, the Maddoxes accepted the settlement package pursuant to the terms it was offered. See *Rivers v. Cole Corp.*, 209 Ga. 406 (73 SE2d 196) (1952) and Justice Duckworth's dissenting opinion in *Sylvania Electric Products v. Electrical Wholesalers*, 198 Ga. 870 (33 SE2d 5) (1945).

When the additional evidence which the parties have both asked this court to consider is added to the equation, there can be no ques-

tion but that the Maddoxes' claims against Superior and Hanover have been subject to an accord and satisfaction. As a result, we hold that the Court of Appeals erred in reversing the trial court's grant of summary judgment in favor of Superior and Hanover.

*Judgment reversed. Bell, Hunt, Fletcher, JJ., and Judge Kenneth B. Followill concur; Clarke, C. J., Smith, P. J., and Benham, J., dissent; Weltner, J., not participating.*

BENHAM, Justice, dissenting

For the reasons set out in the opinion of Judge Cooper in *Maddox v. Superior Rigging &c. Co.*, 195 Ga. App. 114 (393 SE2d 42) (1990), I would affirm the decision of the Court of Appeals. Accordingly, I respectfully dissent to the decision of this court.

I am authorized to state that Chief Justice Clarke and Presiding Justice Smith join in this dissent.

DECIDED FEBRUARY 28, 1991.

*Goldner, Sommers & Scrudder, Glenn S. Bass,* for appellants.
*Scott Walters, Jr.,* for appellees.