## 56506. GEORGIA POWER COMPANY v. W. H. I. ATLANTA, INC. et al.

McMURRAY, Judge.

Georgia Power Company furnished electrical service to W. H. I. Atlanta, Inc., d/b/a White House Motor Inn. (Defendant contends its name is officially WHI Atlanta Corporation erroneously designated by Georgia Power Company herein as W. H. I. Atlanta, Inc.) When the account was opened W. H. I. Atlanta, Inc. posted a cash security deposit of $6,000 which was to be applied against outstanding bills in the event of any default. This cash deposit was later refunded and a surety bond written by the Aetna Casualty & Surety Company for $10,000 was provided in place of the cash deposit.

The operation of the White House Motor Inn by W. H. I. Atlanta, Inc. was terminated when the property was foreclosed by the mortgagee. At that time W. H. I. Atlanta, Inc. made offers of settlements to its creditors by taking the funds remaining in the corporation and allocating these funds to each of the corporation's creditors on a pro rata basis. W. H. I. Atlanta, Inc. opened a settlement account for purposes of distributing these funds. A check, bearing on its face the printed words "White House Inn, Settlement Account," was drawn on this account and sent to Georgia Power Company for an amount less than the amount due. This check, along with the Georgia Power Company bill stub, was mailed to Georgia Power. On the back of the check was written a restrictive endorsement stating that the check was "(f)or full payment on account of WHI Atlanta, Inc., d/b/a White Hse. Mtr. Inn, through July 21, 1976. Acceptance, endorsement or deposit of this check constitutes a settlement in full and accord and satisfaction of all sums due on account of WHI Atlanta Corp. and WHI Atlanta

partnership."

A Georgia Power Company employee testified that in the customary processing of receipts that a payment clerk would note that the amount of the bill stub coupon did not match the amount of the check and would cross through the amount on the coupon and write in the amount actually paid and that the check would then be mechanically endorsed by mail payment clerks whose duties gave them no reason to look at the reverse side of the check.

Georgia Power Company began collection procedures on the balance remaining on the account demanding payment from W. H. I. Atlanta, Inc. and filing a claim with the Aetna Casualty & Surety Company. Georgia Power Company subsequently filed this law suit.

The case was tried before the court without a jury and judgment was rendered in favor of W. H. I. Atlanta, Inc. and the Aetna Casualty & Surety Company against Georgia Power Company. Georgia Power Company appeals contending that the trial court erred in holding that a contract of accord and satisfaction resulted from the conduct of the parties because there was no consideration for such an agreement nor action by an authorized Georgia Power Company employee to compromise the claim and because the trial court mistakenly relied upon the decision of the Supreme Court in *Rivers v. Cole Corp.,* 209 Ga. 406 (73 SE2d 196). *Held:*

If a debtor remits a sum of money to his creditor, though less than the amount actually due, with the understanding, either express or implied, that it is in satisfaction of his creditor's claim, and the latter accepts and retains it, accord and satisfaction of the demand results therefrom, and the balance, insofar as our law is concerned, may not thereafter be recovered by the creditor in an action instituted for that purpose, and this is true under our law whether the creditor's claim or demand be liquidated or unliquidated, disputed or undisputed. *Rivers v. Cole Corp.,* 209 Ga. 406, 408, supra. This result cannot be avoided by the contention that the creditor is not aware of a restrictive endorsement. A party is required to read what he signs and is bound thereby. See

*Berman v. Rubin,* 138 Ga. App. 849, 854 (227 SE2d 802). Pretermitting the question of whether the payment clerk who received the check from W. H. I. Atlanta, Inc. was authorized to compromise Georgia Power Company's claim against W. H. I. Atlanta, Inc., we note that Georgia Power Company retained the proceeds of the check after the restrictive endorsement was called to its attention and that such action could be viewed by the trial court as evidence of ratification of the payment clerk's action. *Lewis v. C. & S. Nat. Bank,* 139 Ga. App. 855, 859 (229 SE2d 765); *Nations v. Russell,* 68 Ga. App. 329 (22 SE2d 756).

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 6, 1978 — DECIDED NOVEMBER 20, 1978 — REHEARING DENIED DECEMBER 7, 1978 —

*Troutman, Sanders, Lockerman & Ashmore, Mary Grace Diehl, Jeffrey R. Nickerson, Donald W. Janney,* for appellant.

*Schreeder, Wheeler & Flint, David H. Flint, Michael M. Sheldon,* for appellees.