A89A1138. ATLAS CASING COMPANY INC. et al. v. JOYNER.
(386 SE2d 397)

BIRDSONG, Judge.

This appeal concerns the alleged breach of contract for the sale of an automobile. On October 21, 1985, Joyner bought a 1979 BMW for $9,500 from appellees Atlas Casing Company (Atlas) and Theise ("the sellers") pursuant to a sales contract. The contract provided that the sellers would convey and deliver to Joyner title to the car, the operator's and service manuals, all service and repair records, and all other documents related to or relevant to the car or the sale. The

contract also provided that the sellers warranted that, to the sellers' knowledge, the BMW had not been wrecked or received structural damage and warranted that except for certain listed problems there were no defects or malfunctions.

Shortly after the sale, Joyner sent a letter to the sellers notifying them that he had found mechanical problems and physical damage to the car which, in Joyner's opinion, violated the contract clause containing the warranty of the car's condition. He asserted that the defects were of such magnitude to warrant adjustment of the purchase price or rescission of the contract. The letter contained no reference to any other violations or potential violations of the contract.

In response the sellers' attorney wrote Joyner forwarding a check for $1,000 and a release. The check had typed on the back: "In full and complete satisfaction of all actions and causes of action, claims and demands whatsoever regarding my purchase of the 1979 BMW automobile. . . ." The release briefly recounted the facts of the sale, specified that Joyner was "dissatisfied with the mechanical operation" of the car, stated that both parties desired to compromise, and that they "have agreed to adjust and settle the matter for" $1,000, and provided that in consideration for the $1,000 Joyner compromised "*said claim*" and released and discharged the sellers "from any and all causes of action, claims and demands whatsoever" which he had "or may hereafter have by reason of *said dispute* regarding said 1979 BMW . . . or by reason of any cause, matter or thing *whatsoever prior to the date hereof.*" (Emphasis supplied.)

Joyner accepted the check, but modified both the release and the back of the check to reflect that the release was amended by Joyner's letter of November 5, 1985. This letter specified that the "Release pertains to our settlement and compromise of the dispute regarding the mechanical condition of the car . . ." and that the release cancelled the paragraph of the sales contract concerning the condition of the car. The release, according to Joyner's letter, was "amended by incorporation" of the letter. Further, the letter specifically provided that the remaining provisions of the sales contract remained in "full force and effect."

Joyner's letter returned title and license tag documents which required corrective action by the sellers. He also told the sellers that he was particularly anxious to receive the documents required by the sales contract.

When he did not receive the documents which he contends were required by the contract, Joyner filed suit against the sellers on March 7, 1986, alleging breach of the contract by not providing the documents and title to the car and alleging that the breach was intentional and in bad faith. He sought specific performance and nominal damage for the breach and exemplary and punitive damages for the

bad faith claim. Joyner sought no damages for, and the complaint made no mention of, the car's mechanical problems or physical damage.

The sellers answered denying the material allegations of the complaint and asserting that the claims were barred by accord and satisfaction, waiver, and estoppel. Thereafter, the sellers moved for summary judgment asserting that they had substantially performed their contractual obligations and relying upon the accord and satisfaction which they contend was reflected in the provisions on the check and the release. The sellers' contention regarding performance was apparently based on delivery of the title to the BMW in July 1986, and their contention that they had delivered all the other documents or records in their possession.

Joyner responded to the sellers' motion and then moved for partial summary judgment on liability as to the breach of contract claim. The trial court denied the sellers' motion and granted Joyner's motion. The sellers now contend that Joyner received everything to which he was entitled and that accord and satisfaction bars his claim. *Held*:

1. The first enumeration of error asserts that the lower court erred in granting summary judgment to Joyner on Count I, his breach of contract claim, because they assert that they had substantially complied with the contract's requirements and because Joyner's claim was barred by accord and satisfaction.

As the movant for summary judgment, Joyner could only prevail if, after giving the sellers the benefit of all reasonable doubts and all favorable inferences which might be drawn from the evidence, *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 603 (203 SE2d 173), as well as construing all evidence against Joyner, *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 29 (343 SE2d 680), there are no genuine issues of material fact and Joyner is entitled to judgment as a matter of law. OCGA § 9-11-56 (c).

Both parties have moved for summary judgment and have agreed that there are no genuine issues of material fact. The contract and OCGA § 40-3-31 (a) required the sellers to deliver the title certificate to Joyner at the time of delivery of the car in October 1985. Despite several attempts, the valid certificate was not delivered to Joyner until July 1986, nine months after the seller was obligated to do so. While the sellers' affidavits state the dates on which events transpired and they allege that the delay was caused by events beyond their control and by Joyner's intransigence, the affidavits do not set forth the factual basis for these conclusions. Moreover, the record does not reveal that Joyner did anything more than insist that the sellers comply with the contract provisions. Accordingly, the sellers' conclusory allegations are not sufficient to create a genuine issue for trial. *Swanson*

*v. Lockheed Aircraft Corp.*, 181 Ga. App. 876, 879-880 (354 SE2d 204). Further, the evidence shows that the sellers did not finally deliver the title until four months after the complaint was filed.

Whether there has been substantial compliance with the contract may generally be an issue of fact but, in this instance we have no difficulty concluding as a matter of law that a nine-month delay in simply delivering a valid certificate of title is not substantial compliance with the contract. Additionally, there is no competent evidence to show that the other documents were ever provided. Theise's affidavit says that he believes that his attorney transmitted those documents to Joyner, but the attorney's affidavit is silent on that point. Accordingly, it was not error to find for Joyner on that point also.

The sellers also contend that accord and satisfaction bars this claim. We do not agree. Where there is no agreement to settle all disputes, there is no accord and satisfaction. *Pierson v. Herrington*, 138 Ga. App. 463, 464 (226 SE2d 299). The release prepared by the seller's attorney was limited to resolution of the dispute about the mechanical condition of the car and by its terms, the release was limited in time to disputes existing prior to the date of the release. Parties may settle one distinct claim without prejudice to later claims that may arise. *Wallace v. Harrison*, 166 Ga. App. 461, 465 (304 SE2d 487). Consequently, even disregarding Joyner's amendments to the release and the check, there was no accord and satisfaction which would bar the present claims, as there was no indication that the parties intended to relieve the sellers of all their obligations under the sales contract. *First Nat. Bank v. Appalachian Indus.*, 146 Ga. App. 630, 635 (247 SE2d 422). It is clear that the accord and satisfaction was only in regard to claims arising from the mechanical condition of the car. Joyner's amendments did not change the intention of the parties, but merely made more clear the intended scope of the release. Further, there is no indication that any other disputes had arisen about the contract. At this point the title had been transferred and had apparently been found deficient in some respect, but there was no indication that the error would not be promptly corrected and the title delivered or that there was a dispute about the documents.

The terms typed on the back of the check did not operate to create an accord and satisfaction. Such terms can only do so if at the time there was a bona fide dispute. OCGA § 13-4-103 (b) (1); see *Sunbelt Life Ins. Co. v. Bank of Alapaha*, 176 Ga. App. 628, 630 (337 SE2d 410); *Sepulvado v. Daniels Lincoln Mercury*, 170 Ga. App. 109, 111-112 (316 SE2d 554). As stated above, there was no dispute at the time the check was tendered. Since the record does not support the facts which the sellers assert, the cases they cite in support of their arguments are distinguishable factually. Accordingly we find no merit in this assignment of error.

2. The second assignment of error asserts that the sellers' motion for summary judgment was erroneously denied. The sellers rely for this contention upon the arguments asserted above. For the reasons stated in Division 1 of this opinion, their motion was properly denied. Although the facts were not in dispute, they were not entitled to judgment as a matter of law, and summary judgment was properly denied.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 6, 1989.

*Hishon & Ranney, Robert H. Hishon, Dan R. Musick*, for appellants.

*Joyner & Joyner, Gordon L. Joyner*, pro se.