A89A2181. WOOD BROTHERS CONSTRUCTION COMPANY.
v. SIMONS-EASTERN COMPANY et al.
(389 SE2d 382)

DEEN, Presiding Judge.

In January 1984 the appellant contractor entered a construction contract with the Georgia State Financing & Investment Commission (GSFIC) to build a wood energy system plant at Central State Hospital. GSFIC earlier had contracted for Simons-Eastern Company to design and supervise the construction of the project. Various change orders and delays caused the construction not to be completed until approximately 6 months past the scheduled date.

There was extensive correspondence between the appellant and GSFIC about the delays and damages. In June 1985 the appellant notified GSFIC of its intent to file a claim for damages caused by all the delays. In early July 1985, GSFIC requested specific information from the appellant regarding any claim for delay damages. On July 30, 1985, the appellant submitted the required statutory affidavit for final payment, qualified by its reservation of its right to file a claim for

delay damages and to recover payment for completion of grassing, but GSFIC responded that final payment could not be made until the appellant furnished an unqualified statutory affidavit. GSFIC also indicated that regarding any claim for delay damages, the appellant needed to submit a notice of specific claims. When the appellant did so, GSFIC then informed the appellant that a statement of claim was required under the construction contract.

On October 14, 1985, however, the appellant submitted a request for payment of the $73,308.49 remaining due under the contract. This letter noted GSFIC's previous refusal to make final payment anyway. On October 30, 1985, GSFIC issued a check for the specified amount, which was delivered to the appellant by the appellant's surety on the project. Because the appellant's president was in a meeting at the time and was unable to look at the check, he instructed the surety agent to give the check to the appellant's bookkeeper, who endorsed and deposited the check. The check provided that it represented "final payment except for the sum of $2000.00 withheld for completion of grassing." A letter accompanying the check also indicated that the check was tendered in satisfaction of all debts existing under the contract. In December 1985 GSFIC denied the appellant's subsequent claim for delay damages, asserting that final payment had already been made.

When the appellant was eventually sued by a subcontractor, the appellant commenced this third-party action against GSFIC and Simons-Eastern. The trial court denied Simons-Eastern's motion for summary judgment on the appellant's claim for Simons-Eastern's failure to provide accurate plans, drawings, and specifications for the project, but granted summary judgment for Simons-Eastern on the appellant's claim for negligent supervision of the construction. The trial court also granted summary judgment for GSFIC, on the basis that accord and satisfaction resulted upon the appellant's negotiation of GSFIC's check tendered as final payment. This appeal followed. *Held*:

1. OCGA § 51-1-11 (a) provides that "no privity is necessary to support a tort action; but, if the tort results from the violation of a duty which is itself the consequence of a contract, the right of action is confined to the parties and those in privity to that contract, except in cases where the party would have a right of action for the injury done independently of the contract. . . ." The appellant's claim against Simons-Eastern for negligent supervision of the construction arises out of the contract between GSFIC and Simons-Eastern, and is defeated by the lack of privity between the appellant and Simons-Eastern. This court and the Supreme Court have recognized an exception to the privity requirement in cases of negligent misrepresentation by a professional, reasonably relied upon by a foreseeable per-

son or class of persons. See *Rhodes-Haverty Partnership v. Robert & Co. Assoc.*, 163 Ga. App. 310 (293 SE2d 876) (1982), aff'd 250 Ga. 680 (300 SE2d 503) (1983). However, as noted by the court in *Gulf Contracting v. Bibb County*, 795 F2d 980 (11th Cir. 1986), no similar exception has been carved out for a professional's alleged negligent failure to supervise a project. The trial court properly granted summary judgment for Simons-Eastern on this claim.

2. The appellant contends that the trial court erred in granting summary judgment for GSFIC on the basis of accord and satisfaction. OCGA § 13-4-103 (b) provides that "[a]cceptance by a creditor of a check, draft, or money order marked 'payment in full' or with language of equivalent condition, in an amount less than the total indebtedness, shall not constitute an accord and satisfaction unless: (1) A bona fide dispute or controversy exists as to the amount due; or (2) Such payment is made pursuant to an independent agreement between the creditor and debtor that such payment shall satisfy the debt." See *Lewis v. Alfred L. Simpson & Co.*, 183 Ga. App. 166 (358 SE2d 262) (1987).

There is no question in the instant case that a bona fide dispute existed as to the amount the appellant was due altogether, and that GSFIC tendered the check as full satisfaction of all claims asserted by the appellant. The appellant's acceptance and deposit of the check made upon condition carried with it the acceptance of the condition, and thus worked an accord and satisfaction. *Anderson v. Shelby Mut. Ins. Co.*, 237 Ga. 687, 689 (229 SE2d 462) (1976). The circumstances of the appellant's endorsement and deposit of the check did not create an issue of fact as to whether there was an understanding that the payment represented full payment of the debt. Cf. *Clark Equip. Credit Corp. v. Refrigerated Transport Co.*, 148 Ga. App. 405 (251 SE2d 321) (1978).

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED DECEMBER 1, 1989 —
REHEARING DENIED DECEMBER 13, 1989 — ▮

*Edwin V. Gartin, R. Keith Prater, J. Littleton Glover, Jr.*, for appellants.

*Greenfield, Ellis & Bost, John W. Greenfield, John A. Thomson, Jr., Tillman, McTier, Coleman & Talley, John T. McTier,* Michael J. Bowers, *Attorney General,* H. Perry Michael, *Executive Assistant Attorney General,* Harrison W. Kohler, Roland F. Matson, *Senior Assistant Attorneys General,* for appellees.