## A92A2351. HABACHY v. GEORGIA HEALTH GROUP, P. C.
### (427 SE2d 808)

BLACKBURN, Judge.

The appellant, Dr. Jeannette S. Habachy, was employed as a staff physician with the Georgia Health Group (GHG) from July 1, 1990, until August 30, 1990, when GHG terminated her employment. Thereafter, Dr. Habachy mailed a written demand to GHG for $5,052.42, which she claimed was owed to her as additional salary. GHG responded by letter, disputing the number of hours Dr. Habachy had worked which remained unpaid. Dr. Habachy addressed GHG's dispute in another letter and repeated her demand for the entire $5,052.42. Subsequently, on December 4, 1990, GHG again corresponded with Dr. Habachy, discussed its calculation of her salary due, and tendered a check for gross pay of $3,206.67. The letter emphasized that the enclosed check "represents full and complete payment of all claims pertaining to your employment by Georgia Health Group, P. C. In the event this is unacceptable to you, you should return the enclosed check to us immediately." Dr. Habachy cashed the check without protest.

Almost a year later, Dr. Habachy commenced this action to recover $1,845.75, representing the difference between the $5,052.42 she had originally demanded from GHG and the $3,206.67 she had received. The trial court granted summary judgment for GHG, on the grounds that Dr. Habachy's acceptance and negotiation of the check tendered by GHG constituted an accord and satisfaction, and this appeal followed.

"If the debtor tenders a sum of money less than the amount claimed upon the condition, express or implied, that it satisfied the entire debt, and the creditor accepts the tender, an accord and satisfaction results. [Cit.]" *M. Walter & Co. v. North Highland Assembly of God*, 188 Ga. App. 852, 854 (374 SE2d 792) (1988). However, acceptance of such a lesser amount shall not constitute an accord and satisfaction unless a bona fide dispute or controversy exists as to the amount due, or the payment is made pursuant to an independent agreement between the parties that it shall satisfy the debt. OCGA § 13-4-103 (b); *Lewis v. Alfred L. Simpson & Co.*, 183 Ga. App. 166 (358 SE2d 262) (1987).

In the instant case, it was uncontroverted that GHG and Dr. Habachy disagreed upon the amount of back pay Dr. Habachy was actually owed. The letter in which GHG tendered the check for $3,206.67 clearly conditioned the tender as "full and complete payment of all claims pertaining to your employment by Georgia Health Group, P. C." It further emphasized that Dr. Habachy should return the check immediately if it was unacceptable to her. Under these circumstances, Dr. Habachy's acceptance of the check from GHG without any protest resulted in an accord and satisfaction. Generally, whether or not there is an accord and satisfaction is a jury question, but where, as here, there is no genuine issue of material fact, summary adjudication is appropriate. *Mobley v. Fulton Roofing Co.*, 173 Ga. App. 563 (327 SE2d 540) (1985). The trial court properly determined that GHG was entitled to summary judgment as a matter of law.

On appeal, Dr. Habachy seeks to inject an issue of fact in the case by noting that her dispute with GHG also concerned an earlier $889.93 deduction from her pay, representing the costs of a diagnostic test which Dr. Habachy had ordered for a patient and which GHG had deemed unnecessary. She contends that GHG's tender pertained only to the salary dispute arising over the questioned number of hours she had worked. Dr. Habachy's written demands to GHG for payment of back salary in the amount of $5,052.42 included an accounting of how she arrived at that figure which only reflects a shortage in the number of her work hours counted by GHG. However, her correspondences discussed some dispute over the justification of the MRI test, and GHG's responses addressed that dispute. As noted above, the letter in which GHG tendered the check for $3,206.67 conditioned the tender as "full and complete payment of all claims" pertaining to Dr. Habachy's employment. This condition was clear and included any dispute with regard to the MRI test, and Dr. Habachy's acceptance of the tender accepted the condition.

As an indication of a remaining dispute over the earlier deduction for the costs of the test, Dr. Habachy notes that GHG's last letter related its medical director's request that she contact him about the test. However, that message was given in the context of further communication expected in the event Dr. Habachy rejected or wanted clarification of the tendered amount, and does not indicate the existence of two separate disputes over the remuneration due Dr. Habachy. Cf. *State Farm Fire &c. Co. v. Fordham*, 148 Ga. App. 48 (250 SE2d 843) (1978).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 5, 1993.

*Ernest H. Stanford, Jr.*, for appellant.
*Finestone, Morris & Wildstein, Robert D. Wildstein, Caryl W. Cohen*, for appellee.