A00A1034. KENDRICK v. KALMANSON.
(534 SE2d 884)

ELDRIDGE, Judge.
Terry Kendrick appeals from the DeKalb County Superior Court's grant of summary judgment to Maureen Kalmanson in her

---

action to remove Kendrick's lien on her property. Having reviewed the record, this Court finds that Kalmanson has established that no jury issue exists as to at least one element of accord and satisfaction as to the debt she allegedly owed Kendrick that was the underlying basis of the lien. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Therefore, we affirm the trial court's grant of summary judgment to Kalmanson. Id.

The following facts are undisputed: Kendrick was a self-employed carpenter. In 1997, Kalmanson hired Kendrick to perform some exterior renovations to her home on Nelms Avenue in Atlanta, DeKalb County. Kalmanson made regular periodic payments to Kendrick totaling over $10,500 on the work. At some point, Kendrick agreed to perform additional work on the home's interior; the exact terms of such agreement are the underlying basis of this suit.

In early December 1997, just before he finished the interior work, Kendrick presented Kalmanson a bill for an alleged remaining balance of $10,707; this amount was calculated on a time and materials basis. Kalmanson refused to pay the bill, insisting that she had agreed to pay a flat fee for the additional work and that she had never agreed to pay for any renovations on a time and materials basis. On December 15, 1997, Kendrick filed a lien against Kalmanson's property in the amount of $21,240.[1] Two days later, Kalmanson gave a check to Kendrick in the amount of $2,168; in the "For" section of the check, Kalmanson wrote the words "PAYMENT IN FULL." On December 19, 1997, Kendrick cashed the check. Ten days later, however, Kendrick wrote a letter to Kalmanson demanding payment in the full lien amount of $21,240.

Kalmanson filed suit against Kendrick on March 9, 1998, to remove the lien from the property's title. A claim previously filed by Kendrick to collect the lien amount of $21,240 was combined with Kalmanson's suit as a counterclaim. Kalmanson filed a motion for summary judgment on August 2, 1999. The trial court granted such motion on September 23, 1999, finding that Kendrick's filing of the lien against Kalmanson demonstrated that a bona fide dispute between the parties existed prior to his acceptance of her "Payment in Full" check for less than the full amount and, as such, established an accord and satisfaction as a matter of law. Kendrick appeals from this order. *Held*:

1. In his first enumeration, Kendrick claims that the trial court erred when granting summary judgment because a jury question existed as to whether there was an accord and satisfaction between the parties. We disagree.

---

[1] During his deposition, however, Kendrick admitted that the actual amount allegedly owed by Kalmanson was $17,653, and that the lien amount was erroneous.

OCGA § 13-4-103 (b) provides that acceptance by a creditor of a conditional payment less than the amount owed shall not constitute an accord and satisfaction unless: (1) A bona fide dispute or controversy exists as to the amount due; or (2) Such payment is made pursuant to an independent agreement between the creditor and debtor that such payment shall satisfy the debt.[2] . . . In the absence of an independent agreement by a creditor that the acceptance of an amount less than the indebtedness will be taken, or is taken, in full satisfaction thereof, the mere acceptance of a check for a less sum than the amount of the debt with notice that it is in full satisfaction of the debt, will not amount to an accord and satisfaction unless there existed previously to the tender a bona fide dispute by the debtor as to the correctness of the amount of the debt. . . . To constitute accord and satisfaction by payment of less than the amount due under OCGA § 13-4-103 (b) (1), the dispute between the parties must be bona fide; the bona fide dispute must be a dispute between the parties and not one confined to the mind of the sender of the check; and the bona fide dispute between the parties must have existed previously to the debtor's tender of an amount less than the sum demanded.

(Citations, punctuation and emphasis omitted.) *Treadwell v. Treadwell*, 218 Ga. App. 823, 825-826 (1) (463 SE2d 497) (1995). See also *Habachy v. Ga. Health Group*, 207 Ga. App. 288 (427 SE2d 808) (1993); *Hadson Gas Systems v. Atlanta Airlines Terminal Corp.*, 200 Ga. App. 363 (408 SE2d 454) (1991); *Wood Bros. Constr. Co. v. Simons-Eastern Co.*, 193 Ga. App. 874, 876 (2) (389 SE2d 382) (1989).

In this case, it is uncontroverted that Kendrick and Kalmanson disagreed about the amount Kalmanson owed for the renovation work before Kalmanson tendered the $2,168 "Payment in Full" check. In fact, Kendrick repeatedly admitted in his pleadings and deposition that Kalmanson had disputed the amount due and refused to pay him in full prior to December 15, 1997, the day the lien was filed,[3] and *before* Kalmanson's check was tendered and cashed. Kendrick offered no other explanation for these statements other than to demonstrate the existence of a prior dispute, and, as such, the statements must be construed against him. See *Prophecy Corp. v.*

---

[2] It is undisputed that the parties did not enter into an agreement that Kalmanson's check would settle the debt pursuant to OCGA § 13-4-103 (b) (2). See also OCGA § 13-4-101.

[3] Although Kendrick argues on appeal that there are other reasons for a lien to be filed besides the existence of a fee dispute, such as when the creditor is concerned about the debtor's solvency, he has presented *no evidence* of any basis for this lien *other* than the fee dispute.

*Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680) (1986). The trial court did not err in granting summary judgment against Kendrick on the basis of accord and satisfaction.

2. In his second enumeration, Kendrick asserts that the trial court erred in granting summary judgment as to the entire lien because, even if there was an accord and satisfaction as to the debt, a jury question remains as to what portion of the debt was encompassed by the compromise. This enumeration is entirely without merit. The dispute involved the remaining balance owed for all of the renovations to Kalmanson's property. The resulting accord and satisfaction encompassed the entire debt. There was no error.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 23, 2000 —
RECONSIDERATION DENIED JUNE 8, 2000 

*Dorothy R. Primm, James W. Penland*, for appellant.
*Chad A. McGowan*, for appellee.