A01A1900. HAWTHORNE GRADING & HAULING v. RAMPLEY.
(556 SE2d 912)

ELLINGTON, Judge.

Hawthorne Grading & Hauling appeals the trial court's order granting summary judgment in favor of Mike Rampley d/b/a Rampley Development in this suit for payment on an oral contract. Finding no error, we affirm.

Summary judgment is appropriate "when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Dover v. Mathis*, 249 Ga. App. 753 (549 SE2d 541) (2001). We apply a de novo standard of appellate review and "view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." Id.

Viewed in the light most favorable to Hawthorne, the evidence showed the following: Hawthorne orally agreed to clear the rights-of-way for Phase III of Rampley's Whispering Hills residential real estate development. Hawthorne began work in October or November 1998. Hawthorne stopped work in March 1999 without completing the project. On April 30, 1999, Hawthorne billed Rampley for clearing and burning 12 acres for a total of $26,400. On June 23, 1999, Hawthorne filed a materialman's lien against Rampley's property. On September 15, 1999, Rampley, through counsel, sent a letter to Hawthorne, stating that Hawthorne had cleared only about 4.5 acres and therefore payment of $10,000 represented "full payment of all sums owed to Hawthorne." The letter stated he intended "to compromise" "a disputed matter." Rampley enclosed a check for $10,000

marked "payment in full WH III." Hawthorne endorsed the check "with reservations" and deposited it.

The trial court granted summary judgment based on an accord and satisfaction. Hawthorne contends there was no accord and satisfaction as a matter of law because there was no independent agreement to compromise the debt and because no bona fide dispute as to the amount due existed before Rampley tendered a partial payment. OCGA § 13-4-103 (b) provides:

> Acceptance by a creditor of a check, draft, or money order marked "payment in full" or with language of equivalent condition, in an amount less than the total indebtedness, shall not constitute an accord and satisfaction unless: (1) A bona fide dispute or controversy exists as to the amount due; or (2) Such payment is made pursuant to an independent agreement between the creditor and debtor that such payment shall satisfy the debt.

See OCGA § 13-4-101.

Hawthorne argues that an accord and satisfaction defense under OCGA § 13-4-103 (b) (1) requires proof that the debtor communicated to the creditor that he disputed the amount owed *before* he tendered an amount less than the total due under the parties' agreement. Hawthorne contends, therefore, the trial court erred in granting Rampley's motion for summary judgment because Rampley first communicated that he disputed the amount Hawthorne claimed due *contemporaneously* with his tender of a lesser amount. We have described OCGA § 13-4-103 (b) as a codification of the following pronouncement in *Sylvania Elec. Products v. Electrical Wholesalers*, 198 Ga. 870 (33 SE2d 5) (1945):

> In the absence of an independent agreement by a creditor, that the acceptance of an amount less than the indebtedness will be taken, or is taken, in full satisfaction thereof, the mere acceptance [by a creditor] of a check for a less sum than the amount of an unliquidated debt, remitted by the debtor with notice that it is in full satisfaction of the debt, will not amount to an accord and satisfaction unless there existed previously to the tender a bona fide dispute by the debtor as to the correctness of the amount of the debt.

Id. at 870, hn. 1. See *Treadwell v. Treadwell*, 218 Ga. App. 823, 826 (1) (463 SE2d 497) (1995); *Lewis v. Alfred L. Simpson & Co.*, 183 Ga. App. 166 (1) (358 SE2d 262) (1987); *Sunbelt Life Ins. Co. v. Bank of Alapaha*, 176 Ga. App. 628, 630 (337 SE2d 410) (1985) (physical precedent only). In many subsequent opinions, we have reiterated the

requirement that the dispute exist prior to the debtor's tender of any amount less than that due under the agreement.[1]

In this case, Rampley, the debtor, disputed the amount of the debt and notified Hawthorne, the creditor, of the dispute in a letter in which he offered a lesser amount in full satisfaction of all sums owed under the parties' agreement. Hawthorne accepted the partial payment with actual knowledge that Rampley disputed the total amount due and tendered the payment in full satisfaction of the debt. We have found no authority requiring the denial of summary judgment under these circumstances merely because such a letter and the check tendering the final payment were delivered in the same envelope, and we decline to reach such an absurd result here.[2] OCGA § 13-4-103 (b) does not provide a mechanism for a creditor, who understands that the debtor disputes the amount due, to accept a partial payment marked "payment in full" and later avoid the defense of accord and satisfaction. See OCGA § 13-4-101.

Because no question of fact remained regarding whether a bona fide dispute as to the amount due existed between the parties when Hawthorne accepted the payment from Rampley, the trial court correctly granted Rampley's motion for summary judgment. *Bridges v. Mann*, 247 Ga. App. 730, 733 (2) (544 SE2d 755) (2001); *Kendrick v. Kalmanson*, 244 Ga. App. 363, 365-366 (1) (534 SE2d 884) (2000); *Rabenstein v. Cannizzo*, 244 Ga. App. 107, 109 (534 SE2d 847) (2000); *Mitchell v. W. S. Badcock Corp.*, 230 Ga. App. 352, 356 (4) (496 SE2d 502) (1998); *Habachy v. Ga. Health Group*, 207 Ga. App. 288, 289 (427 SE2d 808) (1993); *Hadson Gas Systems v. Atlanta Airlines &c.*, 200 Ga. App. 363, 364 (1) (408 SE2d 454) (1991); *Chrietzberg v. Kristopher Woods, Ltd.*, 162 Ga. App. 517, 518 (292 SE2d 100) (1982).

*Judgment affirmed. Johnson, P. J., and Ruffin, J., concur.*

---

[1] See *Withington v. Valuation Group*, 249 Ga. App. 8, 12 (547 SE2d 594) (2001); *Kendrick v. Kalmanson*, 244 Ga. App. 363, 365 (534 SE2d 884) (2000); *Gouldstone v. Life Investors Ins. Co. &c.*, 236 Ga. App. 813, 818 (2) (514 SE2d 54) (1999); *Quintanilla v. Rathur*, 227 Ga. App. 788, 793 (3) (490 SE2d 471) (1997); *Atlas Casing Co. v. Joyner*, 192 Ga. App. 738, 741 (1) (386 SE2d 397) (1989).

[2] Cf. *Withington*, 249 Ga. App. at 12-13 (summary judgment inappropriate because evidence authorized finding that debtor's dispute was not in good faith); *Gouldstone*, 236 Ga. App. at 819 (2) (summary judgment inappropriate because claim was not the subject of the alleged accord and satisfaction); *Quintanilla*, 227 Ga. App. at 793 (3) (summary judgment inappropriate because debtor did not dispute the amount owed); *Treadwell*, 218 Ga. App. at 826-827 (1) (a) (summary judgment inappropriate because debtor did not dispute the amount owed); *Sunbelt Life Ins. Co.*, 176 Ga. App. at 631-632 (2) (summary judgment inappropriate because debtor did not communicate substance of dispute but merely included conditional language on check).

774

Decided December 4, 2001 — 

*Anthony J. Morgese*, for appellant.
*Brock, Clay, Calhoun, Wilson & Rogers, Richard W. Calhoun, John K. Wells*, for appellee.