A06A0285, A06A0286. RAFIZADEH v. KR SNELLVILLE, LLC;
and vice versa.
(634 SE2d 406)

ADAMS, Judge.

Mark Rafizadeh, d/b/a Marchello's Italian Restaurant, appeals the trial court's judgment, issued following a bench trial, which awarded KR Snellville, LLC ("KRS") $20,260.53 in unpaid rent, interest and attorney fees under the terms of a commercial lease. KRS cross-appeals the trial court's determination that its additional claim for $1,836.13 in common area maintenance charges was barred by res judicata.

As a general rule "[i]n bench trials, the judge sits as trier of fact and the court's findings are analogous to a jury's verdict and should not be disturbed if there is any evidence to support them." (Citation omitted.) *Bourke v. Webb*, 277 Ga. App. 749 (627 SE2d 454) (2006). But where, as here,[1] the trial court's decision was based upon the application of the law to stipulated facts, this Court applies a de novo standard of review. *Greene County Bd. of Commrs. v. Higdon*, 277 Ga. App. 350 (626 SE2d 541) (2006).

The record reflects that the parties entered into a ten-year lease on December 12, 1994 for space in the Snellville Oaks Shopping Center in Snellville in which Rafizadeh operated a restaurant. The lease provided that Rafizadeh's monthly rental payment during the pertinent period was $4,215.62. In addition, Rafizadeh was obligated to pay his share of the annual expense incurred by KRS for the operation and maintenance of the shopping center's common area (CAM charge). Rafizadeh paid his estimated CAM charge in monthly installments, but was required to make up any shortfall if these estimated payments were less than the actual costs incurred by KRS. The lease also required Rafizadeh to pay his proportional share of the shopping center's annual real estate tax, and to make up any shortfall if his prepayments were less than the taxes actually attributable to him. KRS notified Rafizadeh as of July 2001 that his estimated monthly share of the CAM charges would be $667.61 and his share of the taxes would be $346.70, making Rafizadeh's monthly lease obligation during the pertinent period a total of $5,229.93.

On November 7, 2003, KRS filed a dispossessory action against Rafizadeh, seeking recovery of past due rent and related charges under the lease as of the date the suit was filed, "plus rent as it

---

[1] At the bench trial in this case, the parties stipulated to the facts in the record, and neither party called any witnesses.

accrues during the pendency of this action." But KRS dismissed its complaint on February 24, 2004 in exchange for Rafizadeh's payment of $35,000.

KRS filed the present action on April 22, 2004, seeking to recover amounts due and owing under the lease. KRS asserted that these amounts included a shortfall in CAM charges for 2003 in the amount of $1,836.13. In addition, KRS sought to recover partial rent for the months of March, April and May 2004. Following the February 2004 settlement, Rafizadeh began making monthly rental payments in the amount of only $3,600, leaving a deficiency under the lease of $1,629.93 per month, for a total of $4,889.79. KRS also sought to recover rental payments for June and July 2004 in the total amount of $10,459.86, making the total amount sought $17,185.78, along with interest and attorney fees.

Rafizadeh contended at trial that he was not obligated to pay the surplus CAM charges for 2003, because that claim was part of the February 2004 settlement, and thus KRS was barred from recovering that amount. Rafizadeh also denied that he owed additional rent for the months of March through May 2004 because KRS negotiated each of the $3,600 checks he tendered in payment of his lease obligations. Rafizadeh argued that by negotiating these checks, KRS had agreed to an accord and satisfaction establishing the rent for those months as $3,600, not $5,229.93 as specified in the lease. Rafizadeh noted that each of his rent checks for those months indicated that it was intended as payment for rent, CAM charges, taxes, and insurance. And two of the checks contained the following restrictive endorsement:

NOTICE

ACCEPTANCE, ENDORSEMENT, NEGOTIATION OF THIS CHECK CONSTITUTES AGREEMENT AS TO PAYMENT IN FULL AND FINAL SETTLEMENT, WITHOUT EXCEPTION OR OFFSET FOR ANY AND ALL OBLIGATIONS OR DEMAND OWING BY THE MAKER OF THIS CHECK.

Rafizadeh further contended that this restrictive language somehow relieved him from the obligation to pay rent for the months of June and July 2004.

Following the bench trial, the trial court entered judgment in favor of KRS on all of its claims, except the $1,836.13 claim for 2003 CAM charges, which the trial court determined was barred by res judicata.

*Case No. A06A0285*

1. Rafizadeh takes issue with the trial court's holding that no accord and satisfaction was created by KRS's negotiation of his March, April and May rental checks. He contends that the trial court erred in finding that a bona fide dispute must exist in order to have an accord and satisfaction and further erred in finding that no dispute existed in this case. Rafizadeh asserts that his payment of $3,600 in rent in March, and then for two additional months, created a dispute as to the amount of his rent payment.

Rafizadeh had the burden of proving his affirmative defense of accord and satisfaction. *Hosp. Auth. of Houston County v. Pyrotechnic Specialties*, 263 Ga. App. 886, 888 (1) (589 SE2d 644) (2003). And OCGA § 13-4-103 (b) provides two ways for a debtor to establish an accord and satisfaction through a creditor's acceptance of a check with language stating that it is for "payment in full," which is for less than the amount due and owing. Either he must demonstrate:

> (1) [a] bona fide dispute or controversy exists as to the amount due; or (2) [that] [s]uch payment is made pursuant to an independent agreement between the creditor and debtor that such payment shall satisfy the debt.

(Punctuation omitted.) *Logistics Intl. v. RACO/Melaver, LLC*, 257 Ga. App. 879, 881 (1) (572 SE2d 388) (2002).

Rafizadeh has produced no evidence of any independent agreement that KRS would accept a reduced rental payment. Accordingly, Rafizadeh was required to demonstrate that a bona fide dispute existed between the parties when he tendered his check. KRS's acceptance of Rafizadeh's check for less than the full rental amount, standing alone, does not create an accord and satisfaction:

> [T]he mere acceptance of a check for a less sum than the amount of the debt with notice that it is in full satisfaction of the debt, will not amount to an accord and satisfaction unless there existed previously to the tender a bona fide dispute by the debtor as to the correctness of the amount of the debt.

*Kendrick v. Kalmanson*, 244 Ga. App. 363, 365 (1) (534 SE2d 884) (2000), quoting *Treadwell v. Treadwell*, 218 Ga. App. 823, 825-826 (1) (463 SE2d 497) (1995). And that dispute must be bona fide, meaning that both parties must have understood and been aware that the dispute existed prior to the tender of the reduced payment:

> To constitute accord and satisfaction by payment of less than the amount due under OCGA § 13-4-103 (b) (1), the dispute between the parties must be bona fide; the bona fide dispute must be a dispute between the parties and not one confined to the mind of the sender of the check; and the bona fide dispute between the parties must have existed previously to the debtor's tender of an amount less than the sum demanded.

*Kendrick,* 244 Ga. App. at 365. Rafizadeh failed to present any evidence of a pre-existing dispute as to the amount he owed under the lease prior to the tender of his March rental payment, and Georgia law makes clear that his tender of a check in the amount of $3,600 was not sufficient, in and of itself, to create such a dispute. Thus, pretermitting the issue of whether the language contained on the March rental payment met the requirements of OCGA § 13-4-103 (b) (1) for denoting "payment in full," we agree with the trial court that Rafizadeh failed to prove that KRS's acceptance of that check constituted an accord and satisfaction.

And although KRS accepted two subsequent $3,600 checks from Rafizadeh containing the restrictive language quoted above, such tender and acceptance does not establish an accord and satisfaction under OCGA § 13-4-103 (b) (1) in the absence of a prior bona fide controversy between the parties. Although Rafizadeh tendered these checks, there is no evidence that he ever notified KRS that he was disputing the actual amount he owed under the lease, and not merely tendering partial payment. Thus, the trial court correctly found that no accord and satisfaction occurred. See *Quintanilla v. Rathur,* 227 Ga. App. 788, 793 (3) (490 SE2d 471) (1997) (lessor's acceptance of lower lease payments over three-year period does not create accord and satisfaction in absence of bona fide dispute). Compare *Hawthorne Grading & Hauling v. Rampley,* 252 Ga. App. 771 (556 SE2d 912) (2001) (where debtor tendered check along with letter noting that he disputed the amount owed, creditor's acceptance of the check constituted an accord and satisfaction).

2. Rafizadeh argues next that KRS's acceptance of his three monthly rental checks in the amount of $3,600 constituted a mutual departure from the lease under OCGA § 13-4-4. But because Rafizadeh failed to raise this argument before the trial court, we will not address it for the first time on appeal. It is well settled that "[i]ssues neither raised nor ruled on in the trial court cannot be raised for the first time on appeal." *The Pantry v. Harris,* 271 Ga. App. 346 (1) (609 SE2d 692) (2005).

## Case No. A06A0286

3. KRS contends in its cross-appeal that the trial court erred in finding that its $1,836.13 claim for the 2003 CAM reconciliation is barred by res judicata. KRS asserts that res judicata defense does not apply because (1) this claim did not ripen until March 3, 2004, when the company sent Rafizadeh an invoice for his share of the CAM reconciliation; (2) KRS did not assert a claim for this amount in the first dispossessory action; and (3) KRS dismissed the first dispossessory action without prejudice. Rafizadeh contends, however, that because this claim could have been brought in the prior dispossessory action, it is barred by res judicata.

The record indicates that in the first dispossessory action KRS sought to recover from Rafizadeh "rent and other monetary charges that are now past due" under the lease. During the subsequent settlement negotiations, KRS represented that it would accept $35,000 "in satisfaction of its claims, which essentially represents a waiver of two outstanding CAM bills." Following Rafizadeh's payment of this amount, on February 24, 2004, KRS filed a dismissal of the first dispossessory action, stating, "Plaintiff hereby dismisses this action." Eight days after this dismissal, on March 3, 2004, KRS sent Rafizadeh a statement for his $1,836.13 share of the 2003 CAM charge reconciliation.

For an action to be barred by res judicata, the proponent of the defense bears the burden of proving that the first action met certain prerequisites:

> The doctrine of res judicata prevents the re-litigation of all claims that have already been adjudicated, or that could have been adjudicated, between identical parties or their privies in identical causes of action. OCGA § 9-12-40. In order for the doctrine to apply, three prerequisites must be satisfied: (1) identity of the parties or their privies; (2) identity of the cause of action; and (3) previous adjudication on the merits by a court of competent jurisdiction.

(Citations omitted.) *Brown & Williamson Tobacco Corp. v. Gault*, 280 Ga. 420, 421 (627 SE2d 549) (2006). See also *In the Interest of R.W.*, 265 Ga. App. 141, 142 (592 SE2d 907) (2004). Pretermitting the issue of whether KRS could and should have submitted its claim for the CAM reconciliation in the first proceeding, we find that the doctrine of res judicata does not apply in this case because Rafizadeh has failed to establish the third prerequisite: a previous adjudication on the merits of KRS's claims by a court of competent jurisdiction. The prior matter was concluded when KRS dismissed the action. And because

KRS's dismissal of the first action did not indicate that it was with prejudice, it is deemed under the Georgia Civil Practice Act to be a dismissal without prejudice. See *Both v. Frantz*, 278 Ga. App. 556, 560-561 (3) (629 SE2d 427) (2006); see also OCGA § 9-11-41 (b). Although a prior adjudication on the merits does not necessarily require that a court consider the actual merits of a case, under Georgia law, a dismissal without prejudice is not an adjudication on the merits. *Dillard-Winecoff, LLC v. IBF Participating Income Fund*, 250 Ga. App. 602, 606 (4) (552 SE2d 523) (2001).

Accordingly, we reverse the trial court's holding that KRS's claim for the $1,813.13 in CAM reconciliation charges is barred by the doctrine of res judicata.

*Judgment affirmed in Case No. A06A0285. Judgment reversed in Case No. A06A0286. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JUNE 12, 2006 —
RECONSIDERATION DENIED JULY 25, 2006 — ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Michael J. Kramer*, for appellant.
*Schreeder, Wheeler & Flint, David H. Flint, Timothy C. Batten, Sr.*, for appellee.

