A10A2139. FORMARO v. SUNTRUST BANK.
(702 SE2d 443)

BLACKBURN, Senior Appellate Judge.

In this action to collect a loan, debtor Randy Formaro appeals the summary judgment granted to creditor SunTrust Bank, arguing that (i) the SunTrust officer's affidavit regarding the debt was not based on the personal knowledge of the officer, and (ii) some evidence

---

[11] *Scott v. Govt. Employees Ins. Co.*, 305 Ga. App. 153, 158 (4) (700 SE2d 198) (2010).

showed that the debt had been settled by accord and satisfaction when a third party sent a check to SunTrust "in full payment" of the debt, which check SunTrust negotiated. We hold that Formaro waived any complaints about defects in the affidavit when he failed to object to the affidavit below, and that the criteria for establishing accord and satisfaction were not met. Accordingly, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant or denial of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*[1]

So viewed, the evidence shows that Formaro agreed to repay a bank any loans he received from that bank under his home equity line of credit. SunTrust, as successor to that bank, sought to collect the $97,700.53 (plus interest) loaned Formaro under the line of credit. When Formaro failed to pay, SunTrust filed the present action. SunTrust moved for summary judgment, submitting an affidavit from its finance officer who testified that she was personally familiar with the transaction and with the loan documents. The affidavit set forth the amount and history of the unpaid debt and attached the loan documents. Raising no complaints about the affidavit, Formaro opposed the motion solely on the ground that the debt had been settled through accord and satisfaction when Sun-Trust negotiated a $152.18 check sent by a third party to SunTrust, which check was accompanied by a cover letter that such was payment in full of the Formaro debt. Finding that the payment from the third party did not meet the criteria of OCGA § 13-4-103 (b) for accord and satisfaction, the trial court granted summary judgment to SunTrust, giving rise to this appeal.

1. Formaro first argues that the affidavit of the finance officer was defective in that the affiant was an officer of SunTrust, which had purchased the bank that made the original loan; accordingly, the SunTrust officer allegedly could not have had personal knowledge of the original transaction. Formaro also complains that the documents showing the sale of the prior bank to SunTrust were not attached to the affidavit.

However, even if these complaints had merit, Formaro made no such arguments about the affidavit below, either in an objection to the affidavit, in a motion to strike the affidavit, or in his summary judgment brief. "Objections to affidavits such as [an objection to the

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459, 459 (1) (486 SE2d 684) (1997).

affiants' lacking personal knowledge] will not be entertained for the first time on appeal where such affidavits were considered by the trial judge, without objection, in ruling on motions for summary judgment." *Chapman v. McClelland*.[2] See *Neese v. Britt Home Furnishings*[3] (appellate argument that affidavit failed to attach records referenced in the affidavit was not considered where no such objection raised below). As we stated in *Fed. Ins. Co. v. Oakwood Steel Co.*,[4] "[w]e have for determination in a summary judgment proceeding an attack upon a supporting affidavit because it fails to meet the requirement of showing that it was based upon personal knowledge which point was not raised in the trial court. Is this permissible? Our answer is in the negative." Thus, in *Whitaker v. Trust Co. of Columbus*,[5] we refused to consider the debtor's argument, raised for the first time on appeal, that the bank president, who submitted an affidavit establishing the debt, lacked personal knowledge of the debt and of the attached loan documents. See *Southern Intl. Pictures v. Friedman*[6] ("objections to affidavits, such as that they were not based on personal knowledge, will not be entertained on appeal if the affidavits were considered by the court without objection in ruling on motions for summary judgment"). Formaro's citation to *Zampatti v. Tradebank Intl. Franchising Corp.*[7] is inapplicable, as *Zampatti* did not address the issue of waiver caused by the failure to object below.

Because Formaro failed to raise below the issues of the officer's personal knowledge and of any unattached documents about the original bank's sale to SunTrust, we do not consider these issues on appeal. See *Clark v. Perino*;[8] *Merrill v. First Union Nat. Bank of Ga.*[9] Moreover, we note that the officer here affied that she was personally familiar with the loan and loan documents. "Generally, the mere statement of the affiant that the testimony given comes from personal knowledge is sufficient." *Roberson v. Ocwen Fed. Bank FSB*.[10] See *Whitaker*, supra, 167 Ga. App. at 361 (2) ("[a] statement in an affidavit that it is based upon personal knowledge generally is

[2] *Chapman v. McClelland*, 248 Ga. 725, 726 (2) (286 SE2d 290) (1982).

[3] *Neese v. Britt Home Furnishings*, 222 Ga. App. 292, 292 (1) (474 SE2d 44) (1996).

[4] *Fed. Ins. Co. v. Oakwood Steel Co.*, 126 Ga. App. 479, 479 (191 SE2d 298) (1972).

[5] *Whitaker v. Trust Co. of Columbus*, 167 Ga. App. 360, 361 (1) (306 SE2d 329) (1983).

[6] *Southern Intl. Pictures v. Friedman*, 201 Ga. App. 87, 88 (2) (410 SE2d 51) (1991).

[7] *Zampatti v. Tradebank Intl. Franchising Corp.*, 235 Ga. App. 333, 337 (2) (a) (508 SE2d 750) (1998).

[8] *Clark v. Perino*, 235 Ga. App. 444, 450 (3) (509 SE2d 707) (1998).

[9] *Merrill v. First Union Nat. Bank of Ga.*, 224 Ga. App. 773, 774 (1) (481 SE2d 890) (1997).

[10] *Roberson v. Ocwen Fed. Bank FSB*, 250 Ga. App. 350, 353 (2) (553 SE2d 162) (2001).

sufficient, especially when its averments are supported by attachments to the affidavit").

2. In his second argument, Formaro contends that his $97,700.53 (plus interest) debt to SunTrust was satisfied by accord and satisfaction when SunTrust cashed a $152.18 check, sent by a third party with a cover letter that such was payment in full of Formaro's debt. This argument ignores the criteria needed for accord and satisfaction under OCGA § 13-4-103 (b).

OCGA § 13-4-103 (b) provides:

> Acceptance by a creditor of a check, draft, or money order marked "payment in full" or with language of equivalent condition, in an amount less than the total indebtedness, shall not constitute an accord and satisfaction unless:
>
> (1) A bona fide dispute or controversy exists as to the amount due; or
>
> (2) Such payment is made pursuant to an independent agreement between the creditor and debtor that such payment shall satisfy the debt.

As noted by the trial court in its order, Formaro conceded at the summary judgment hearing that he did not dispute the debt. Nor has Formaro contested such on appeal. Rather, Formaro argues that the check and cover letter from the third party constituted a payment "made pursuant to an independent agreement between the creditor and debtor that such payment shall satisfy the debt." OCGA § 13-4-103 (b) (2). This argument fails for at least two reasons.

First, the cover letter — if indeed such constituted an independent agreement — was not between creditor SunTrust and debtor Formaro. Rather, it at most (even under Formaro's argument) was an agreement between SunTrust and the third party. Such did not meet the statutory language requiring an agreement between "the creditor and debtor." OCGA § 13-4-103 (b) (2). Second, we have repeatedly held that sending such a cover letter with a check marked "payment in full," which check is then cashed, is not an "independent" agreement.

> The mere acceptance of a check for a less sum than the amount of the debt with notice that it is in full satisfaction of the debt, will not amount to an accord and satisfaction unless there existed previously to the tender a bona fide dispute by the debtor as to the correctness of the amount of the debt.

(Punctuation omitted.) *Rafizadeh v. KR Snellville, LLC.*[11] See *Hawthorne Grading &c. v. Rampley*;[12] *Franklin v. Cummings*[13] ("since there is no evidence of a pre-existing bona fide controversy or of an independent agreement, plaintiff's acceptance of the checks, even with notice of the conditional language, does not . . . constitute an accord and satisfaction").

The trial court did not err in granting summary judgment to SunTrust.

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge Marion T. Pope, Jr., concur.*

DECIDED OCTOBER 7, 2010.

*William R. Carlisle*, for appellant.
*Lefkoff, Rubin & Gleason, Craig B. Lefkoff*, for appellee.

---

[11] *Rafizadeh v. KR Snellville, LLC*, 280 Ga. App. 613, 615 (1) (634 SE2d 406) (2006).

[12] *Hawthorne Grading &c. v. Rampley*, 252 Ga. App. 771, 772 (556 SE2d 912) (2001).

[13] *Franklin v. Cummings*, 181 Ga. App. 755, 757 (353 SE2d 626) (1987).